# 17-950-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

_____

**AARON COHEN,**

on behalf of himself and all others similarly situated,

Plaintiff-Appellant,

**-v.-**

**DITECH FINANCIAL LLC and
ROSICKI, ROSICKI & ASSOCIATES, PC,**

Defendants-Appellees.

_____

On Appeal from the United States District Court for the
Eastern District of New York, No. 15-cv-6828
(Hon. Leonard D. Wexler, U.S.D.J.)

_____

### PLAINTIFF-APPELLANT AARON COHEN'S
### OPENING BRIEF

_____

Daniel A. Edelman
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Shimshon Wexler
THE LAW OFFICE OF SHIMSHON
WEXLER, PC
315 W Ponce de Leon Ave, Suite 250
Decatur, Georgia 30030
(212)760-2400
(917) 512-6132 (FAX)

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

     I.     STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

     II.    THE FAIR DEBT COLLECTION PRACTICES ACT . . . . . . . . . . 16

     III.   THE DISTRICT COURT ERRED IN HOLDING THAT
           DEFENDANTS WERE NOT ACTING AS DEBT COLLECTORS
           BY FILING A FORECLOSURE COMPLAINT THAT SOUGHT A
           DEFICIENCY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

     IV.   NEW YORK FORECLOSURE PROCEDURE CANNOT TURN A
           FORECLOSURE ACTION SEEKING A PERSONAL DEFICIENCY
           INTO SOMETHING OTHER THAN AN ATTEMPT TO COLLECT
           A DEBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

     V.    THERE IS NO FDCPA EXEMPTION FOR DENT COLLECTOR
           CONDUCT FOLLOWING THE FILING OF LAWSUIT . . . . . . . 40

     VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

CERTIFICATE OF COMPLIANCE REQUIRED BY RULE 32(a) . . . . . . . . . 51

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

# TABLE OF AUTHORITIES

## **Cases**

*Admiral Ins. Co. v. Weitz & Luxenberg, P.C.,*
02cv2195, 2002 WL 31409450 (S.D.N.Y., Oct. 24, 2002) ........................ 43

*Alaska Trustee, LLC v. Ambridge,*
372 P.3d 207 (Alaska Sup. Ct. 2016) .......................................... 23

*Alibrandi v. Financial Outsourcing Services, Inc.,*
333 F.3d 82 (2d Cir. 2003) .................................................. 19, 35

*Baker v. G.C. Services Corp.,*
677 F.2d 775 (9th Cir. 1982) ...................................... 18

*Beattie v. D.M. Collections, Inc.,*
754 F. Supp. 383 (D. Del. 1991) ............................................. 16

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ...................................... 14

*Birster v. American Home Mortgage Servicing, Inc.,*
481 Fed.Appx. 579 (11th Cir., July 18, 2012) ............................. 23

*Blevins v. Hudson & Keyse, Inc.,*
395 F.Supp. 2d 655 (S.D.Ohio 2004) ........................................ 42

*Boyd v. J.E. Robert Co.,*
No. 05-CV-2455, 2013 WL 5436969 (E.D.N.Y. Sept. 27, 2013) .... 6, 33, 39

*Boyd v. Jarvis,*
74 A.D.2d 937, 426 N.Y.S.2d 142 (3rd Dep't 1980) ..................................... 7

*Brooks v. Ross,*
578 F.3d 574 (7th Cir. 2009) ...................................... 15

*Cacace v. Lucas,*
775 F. Supp. 502 (D. Conn. 1990) ............................................ 18

*Calvert v. Alessi & Koenig,*
    2:11cv00333, 2013 WL 592906 (D.Nev. Feb. 12, 2013) ......................... 49

*Carlin v. Davidson Fink LLP,*
    852 F.3d 207 (2d Cir. 2017) ................................................. 31, 44

*Carubia v. Cohen & Slamowitz,*
    1:14cv501, 2015 WL 348205 (N.D.N.Y., Jan. 23, 2015) ......................... 49

*Cirkot v. Diversified Fin. Services, Inc.,*
    839 F. Supp. 941 (D. Conn. 1993) ............................................ 17

*Clomon v. Jackson,*
    988 F.2d 1314 (2d Cir. 1993) ................................................ 16

*Cocco v. Bank of America Home Loans,*
    1:12cv1576, 2012 WL 6021326 (N.D.N.Y. Dec. 3, 2012) ........................ 49

*Collins v. Sparacio,*
    03 C 64, 2003 WL 21254256 (N.D.Ill., May 30, 2003) ........................... 42

*Collins v. Sparacio,*
    2004 WL 555957 (N.D.Ill. Mar 19, 2004) ................................... 42

*Conn. Nat'l Bank v. Germain,*
    503 U.S. 249, (1992) ...................................................... 43

*Connecticut ex rel. Blumenthal v. U.S. Dept. Of Interior,*
    228 F.3d 82 (2d Cir. 2000) ................................................. 47

*Copp v. Sands Point Marina, Inc.,*
    17 N.Y.2d 291, 217 N.E.2d 654, 270 N.Y.S.2d 599 (1966) ....................... 6

*Davis v. Midland Funding, LLC,*
    2:13cv2316, 2014 WL 3889971 (E.D.Cal., Aug. 7, 2014) ....................... 36

*Derisme v. Hunt Leibert Jacobson P.C.,*
    880 F. Supp. 2d 311 (D. Conn. 2012) ............................... 8, 37, 38

*Donohue v. Quick Collect, Inc.,*
  592 F.3d 1027 (9th Cir. 2010) ..................................................... 45

*Fait v. Regions Financial Corp.,*
  655 F.3d 105 (2d Cir. 2011) .............................................. 14, 15

*Flushing Sav. Bank, FSB v. Bitar,*
  25 N.Y.3d 307, 33 N.E.3d 1282, 12 N.Y.S.3d 12 (2015) .......................... 36

*Foster v. DBS Collection Agency,*
  463 F.Supp.2d 783 (S.D.Ohio 2006) ........................................... 45

*Foti v. NCO Fin. Sys., Inc.,*
  424 F.Supp.2d 643 (S.D.N.Y.2006) .......................................... 18

*Fox v. Citicorp Credit Servs., Inc.,*
  15 F.3d 1507 (9th Cir.1994) ....................................... 45

*Garfield v. Ocwen Loan Servicing, LLC,*
  811 F.3d 86 (2d Cir. 2016) .................................................. 48

*Gburek v. Litton Loan Servicing LP,*
  614 F.3d 380 (7th Cir. 2010) ..................................................... 22

*Gearing v. Check Brokerage Corp.,*
  233 F.3d 469 (7th Cir. 2000) ...................................................... 42

*George v. Smith,*
  507 F.3d 605 (7th Cir.2007) ...................................................... 14

*Gionis v. Javitch, Block & Rathbone,*
  405 F. Supp. 2d 856 (S.D.Ohio 2005) .......................................... 42

*Glazer v. Chase Home Finance LLC,*
  704 F.3d 453 (6th Cir. 2013) ................................................. Passim

*Goldman v. Cohen,*
  445 F.3d 152 (2d Cir. 2006) ................................................. 44

-iv-

*Gray v. Four Oak Court Ass'n, Inc.,*
   580 F.Supp.2d 883 (D.Minn.2008) ............................................................ 28

*Hart v. FCI Lender Services, Inc.,*
   797 F.3d 219 (2d Cir. 2015) .................................................................. 31, 32

*Hecker v. Deere & Co.,*
   556 F.3d 575 (7th Cir. 2008) ...................................................................... 15

*Heintz v. Jenkins,*
   514 U.S. 291 (1995) ........................................................................... Passim

*Hill v. DLJ Mortg. Capital, Inc.,*
   15-CV-3083, 2016 WL 5818540 (E.D.N.Y. Sept. 30, 2016) *aff'd* 16-3685-
   cv, 2017 WL 1132114 (2nd Cir. May 3, 2017) ....................................... 6, 39

*Ho v. ReconTrust Co.,*
   840 F.3d 618 (9th Cir. 2016) ...................................................................... 22

*Hooks v. Forman Holt Eliades & Ravin LLC,*
   11 Civ. 2767, 2015 WL 5333513 (S.D.N.Y., Sept. 14, 2015) .............. 23, 32

*Hulse v. Owen Federal Bank,*
   195 F.Supp.2d 1188 (D. Or. 2002) ............................................................. 27

*In re Humes v. LVNV Funding, L.L.C.,*
   468 B.R. 346 (Bankr. E.D. Ark. 2011) ...................................................... 41

*In re Humes v. LVNV Funding, L.L.C.,*
   496 B.R. 557 (Bankr. E.D. Ark. 2013) ...................................................... 41

*In re Settlement Facility Dow Corning Trust v. Claimants' Advisory Committee,*
   628 F.3d 769 (6th Cir.2010) ...................................................................... 24

*Jacquez v. Diem Corp.,*
   02cv0500, 2003 WL 25548423 (D.Ariz. Feb. 20, 2003) ........................... 42

*James v. Wadas,*
   724 F.3d 1312 (10th Cir. 2013) .................................................................. 45

*Kaltenbach v. Richards,*
   464 F.3d 524 (5th Cir. 2006) ........................................................... 22, 27, 28

*Kaymark v. Bank of America, N.A.,*
   783 F.3d 168 (3d Cir.2015) ............................................................. 21, 45

*Lee v. Javitch, Block & Rathbone, LLP,*
   484 F. Supp. 2d 816 (S.D.Ohio 2007) ............................................ 42

*Mace v. Van Ru Credit Corp.,*
   109 F.3d 338 (7th Cir. 1997) ......................................................... 16

*Marquez v. Weinstein, Pinson & Riley, P.S.,*
   836 F.3d 808 (7th Cir. 2016) ......................................................... 45

*Mashiri v. Epsten Grinnel & Howell,*
   845 F.3d 984 (9th Cir. 2017) ......................................................... 22

*McCollough v. Johnson, Rodenburg & Lauinger, LLC,*
   637 F.3d 939 (9th Cir. 2011) ......................................................... 45

*Mendus v. Morgan & Assoc., P.C.,*
   994 P.2d 83 (Okla.App. 1999) ........................................................ 42

*Miljkovic v. Shafritz and Dinkin, P.A.,*
   791 F.3d 1291 (11th Cir. 2015) ..................................................... 45

*Miller v. Wolpoff & Abramson,*
   321 F.3d 292 (2d Cir. 2003) ............................................................ 42

*Montgomery v. Huntington Bank,*
   346 F.3d 693 (6th Cir. 2003) ......................................................... 28

*Motorola. Inc. v. Lemko Corp.,*
   08cv5427, 2010 WL 960348 (N.D. Ill. Mar. 15, 2010) ............... 15

*N.C. Freed Co. v. Board of Governors,*
   473 F.2d 1210 (2d Cir. 1973) ......................................................... 17

*Notey v. Darien Constr. Corp.,*
  41 N.Y.2d 1055, 364 N.E.2d 833, 396 N.Y.S.2d 169 (1977) ...................... 6

*Phillips v. Asset Acceptance, LLC,*
  736 F.3d 1076 (7th Cir. 2013) ..................................................... 45

*Piper v. Portnoff Law Assocs., Ltd.,*
  396 F.3d 227 (3d Cir. 2005) ................................................... 21, 28, 29, 33

*Pipiles v. Credit Bureau of Lockport, Inc.,*
  886 F.2d 22 (2d Cir. 1989) ........................................................ 18

*Powers v. Credit Mgmt. Servs., Inc.,*
  776 F.3d 567 (8th Cir. 2015) ..................................................... 45

*Ramirez v. Apex Financial Management LLC,*
  567 F.Supp.2d 1035 (N.D.Ill. 2008) ........................................... 17

*Rawlinson v. Law Office of William M. Rudow, LLC,*
  460 Fed. Appx. 254 (4th Cir. 2012) ........................................... 21

*Reese v. Ellis, Painter, Ratterree & Adams, LLP,*
  678 F.3d 1211 (11th Cir. 2012) .................................. 6, 23, 29, 35

*Rinaldi v. Green Tree Servicing LLC,*
  14cv8351, 2015 WL 5474115 (S.D.N.Y., June 8, 2015) ........................... 32

*Romea v. Heiberger & Assocs.,*
  163 F.3d 111 (2d Cir. 1998) ........................................... 31, 32, 33

*Russell v. Equifax A.R.S.,*
  74 F.3d 30 (2d Cir. 1996) ........................................................ 19

*Savino v. Computer Credit, Inc.,*
  164 F.3d 81 (2d Cir. 1998) ....................................................... 17

*Sayyed v. Wolpoff & Abramson,*
  485 F.3d 226 (4th Cir. 2007) .............................................. 43, 46

*Shapiro & Meinhold v. Zartman,*
    823 P.2d 120 (Colo. 1992) ................................................. Passim

*Simmons v. Roundup Funding, LLC,*
    622 F.3d 93, (2d Cir. 2010) ....................................... 8, 48, 49

*Snyder v. Harris,*
    394 U.S. 332 (1969) ...................................................... 44

*Sonmore v. CheckRite Recovery Services, Inc.,*
    187 F.Supp.2d 1128 (D.Minn. 2001) ........................... 47

*Sprouse v. City Credits Co.,*
    126 F.Supp.2d 1083 (S.D.Ohio 2000) ........................ 42

*Stratton v. Portfolio Recovery Associates, LLC,*
    770 F.3d 443 (6th Cir. 2014) ...................................... 45

*Suesz v. Med-1 Solutions, LLC,*
    757 F.3d 636 (7th Cir. 2014) ................................. 44, 45

*Sulehria v. New York,*
    1:12cv0021, 2012 WL 1284380 (N.D.N.Y. April 16, 2012) .................... 15

*Sykes v. Mel S. Harris and Associates LLC,*
    780 F.3d 70 (2d Cir. 2015) ................................... 13, 44

*Thomas v. Simpson & Cybak,*
    392 F.3d 914 (7th Cir. 2004) ...................................... 42

*Todd v. Collecto, Inc.,*
    731 F.3d 734 (7th Cir. 2013) ...................................... 45

*Todd v. Weltman, Weinberg & Reis Co.,*
    434 F.3d 432 (6th Cir. 2006) ...................................... 46

*Tolentino v. Friedman,*
    833 F.Supp. 697 (N.D.Ill. 1993) ............................... 40

-viii-

*Veach v. Sheeks,*
    316 F.3d 690 (7th Cir. 2003) ........................................................ 42

*Vincent v. The Money Store,*
    736 F.3d 88 (2d Cir. 2013) ........................................................ 31

*Wallace v. Washington Mut. Bank, F.A.,*
    683 F.3d 323 (6th Cir. 2012) ...................................................... 22

*Walsh v. Law Offices of Howard Lee Schiff, P.C.,*
    3:11cv1111, 2012 WL 4372251 (D.Conn. Sept. 24, 2012) ....................... 49

*Wells Fargo Bank, N.A. v. Goans,*
    136 A.D.3d 709, 24 N.Y.S.3d 386 (2d Dep't N.Y. App. Div. 2016) ........... 6

*Westnau Land Corp. v. U.S. Small Bus. Admin.,*
    1 F.3d 112 (2d Cir. 1993) ......................................................... 6

*Wilson v. AT&T Inc.,*
    1:09cv58, 2010 WL 987737 (S.D. Ind. Mar. 12, 2010) ...................... 15, 16

*Wilson v. Draper & Goldberg, P.L.L.C.,*
    443 F.3d 373 (4th Cir. 2006) ................................................. 21, 29

*Wyoming Cty. Bank & Trust Co. v. Kiley,*
    75 A.D.2d 477, 430 N.Y.S.2d 900 (4th Dep't 1980) ...................... 7

*4 B's Realty 1530 CR39, LLC v. Toscano,*
    818 F. Supp. 2d 654 (E.D.N.Y. 2011) ....................................... 6

## Statutes

15 U.S.C. § 1692a(5) ............................................... 5, 9, 25, 35

15 U.S.C. § 1692f(6)(A) ............................................... 26

15 U.S.C. § 1692i(a)(1) ............................................... 27

15 U.S.C. § 1692l(d) ............................................... 24

15 U.S.C. §1692 ................................................................. 1, 3

15 U.S.C. §1692(b) ................................................................. 46

15 U.S.C. §1692(e) ................................................................. 16, 23

15 U.S.C. §1692a(2) ................................................................. 38

15 U.S.C. §1692a(6) ................................................................. Passim

15 U.S.C. §1692e(15) ................................................................. 40, 47

15 U.S.C. §1692g(d) ................................................................. 43

5 U.S.C. §1692i, ................................................................. 27, 35, 38, 48

15 U.S.C. §1692k ................................................................. 1

15 U.S.C. §1692n ................................................................. 46

15 U.S.C. §1601 ................................................................. 17

15 U.S.C. §§1692(e)(11), 1692g ................................................................. 16

15 U.S.C. §§1692c(a)-(b), 1692d, 1692e, 1692g ................................................................. 24

28 U.S.C. §1291 ................................................................. 1

28 U.S.C. §1331 ................................................................. 1

Mich. Comp. Laws § 600.3205a(1) ................................................................. 29

Mich. Comp. Laws §600.3204 ................................................................. 26

Pub.L. 104-208,
    Title II, § 2305(a), Sept. 30, 1996, 110 Stat. 3009-425. ................................................................. 43

Pub.L. No. 109-351,
    Title VIII, § 802, Oct. 13, 2006, 120 Stat. 2006 ................................................................. 43

New York Real Property Actions and Proceedings Law §1301 ........................... 36

New York  Real Property Actions and Proceedings Law §1303 ........................... 8

New York  Real Property Actions and Proceedings Law §1304 ........................... 8

New York  Real Property Actions and Proceedings Law §1306 ........................... 8

New York  Real Property Actions and Proceedings Law §1320 ........................... 8

New York  Real Property Actions and Proceedings Law §1341 ................... 20, 32

New York  Real Property Actions and Proceedings Law §1371(1) ...................... 7

New York  Real Property Actions and Proceedings Law §3408 ........................... 8

Tenn.Code Ann. § 35–5–101 ................................................................... 26

Tenn.Code Ann. § 35–5–101(e) ............................................................... 29

## Rules

Fed.R.Civ.P. 8(a) ................................................................................... 14

Fed.R.Civ.P. 12 ..................................................................................... 15

Fed.R.Civ.P. 12(b)(6) ................................................................... 5, 14, 15

New York CPLR 3012-b ......................................................................... 4

## Other Authorities

*The Protective Scope of the Fair Debt Collection Practices Act: Providing
Mortgagors the Protection They Deserve From Abusive Foreclosure Practices,*
94 Minn. L.Rev. 1269 (2010) ........................................................... 20, 26

## JURISDICTIONAL STATEMENT

This action was brought under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The United States District Court for the Eastern District of New York had jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k. This Court has appellate jurisdiction under 28 U.S.C. §1291 because the appeal is from a final judgment (Appendix ("App.") A-222) that disposed of all claims with respect to all parties.

On March 24, 2017, the District Court granted defendants' motions to dismiss (App. A-213-221). The District Court's decision of March 24, 2017 is reported at 2017 WL 1134723. Judgment in favor of defendant was entered on March 27, 2017. (App. A-222) On April 4, 2017, plaintiff ("Mr. Cohen") filed a notice of appeal. (App. A-223-224)

Mr. Cohen appeals the judgment and all previous orders affecting the judgment.

1

## ISSUES PRESENTED FOR REVIEW

1.     Did the District Court err in holding that defendant was not acting as a  debt collector by filing a foreclosure action that also sought a personal deficiency money judgment?

2.     Does New York law relating to mortgage foreclosures make a foreclosure action in which the plaintiff seeks both sale of the mortgaged property and a personal deficiency money judgment for any shortfall something other than an attempt to collect a debt?

3.     Do the protections of the Fair Debt Collection Practices Act apply to false statements made during the course of state court legal proceedings?

2

## STATEMENT OF THE CASE

Plaintiff Aaron Cohen commenced this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by defendants Ditech Financial LLC, formerly known as Green Tree Servicing LLC ("Ditech") and Rosicki, Rosicki & Associates, P.C. ("Rosicki").

On or about August 11, 2005, Mr. Cohen incurred a debt in the form of a mortgage loan. (Complaint, ¶¶15-16 [App. A-10-11])  On June 10, 2013, Ditech (then known as Green Tree) obtained the loan.  (Complaint, ¶18 [App. A-11])  On March 11, 2015, Ditech, represented by Rosicki, commenced a foreclosure proceeding in state court alleging that the loan went into default in  2009. (Complaint, ¶¶18-19 [App. A-11])  Both Ditech/ Green Tree and Rosicki regularly attempt to collect debts owed to others after they have gone in default. (Complaint, ¶¶10, 13 [App. A-10])

In the Foreclosure Action, Ditech requested by way of relief that the mortgaged premises be sold, that Ditech be paid monies owed from the proceeds of the sale, and that Mr. Cohen "be adjudged to pay any deficiency which may remain" along with "attorney's fees, costs and disbursements of this action." Foreclosure Compl., Wherefore Clause.  (App. A-38)  Attached to the complaint was a Schedule B which stated that Mr. Cohen "is named herein as party

3

defendant(s) because they are obligors on the note and they mortgaged their interest." (App. A-40)

The foreclosure summons stated, "You are hereby put on notice that we are attempting to collect a debt and any information obtained will be used for that purpose." (App. A-34) It included a "notice of debt" that repeatedly referred to the "debt" and the amount "you pay." (App. A-34) It also stated, "TO THE DEFENDANTS except AARON COHEN: The Plaintiff makes no personal claim against you in this action." (App. A-34)

After the foreclosure complaint was filed, defendants sent Mr. Cohen a Certificate of Merit Pursuant to New York CPLR 3012-b ("Certificate") and a request for judicial intervention ("RJI"). (Complaint, ¶23 [App. A-11]) The Certificate is dated March 11, 2015, bears the same caption as the Foreclosure Complaint, and certifies that plaintiff Green Tree "is the creditor entitled to enforce rights" under the pertinent documents. (Certificate ¶2 [App. A-93-95]) The RJI uses the same caption as the Foreclosure Complaint, indicates that the nature of the action is a Real Property - Mortgage Foreclosure, and purports to seek a "Residential Mortgage Foreclosure Settlement Conference." (App. A-99-101)

According to the response to a qualified written request, the loan was owned by Fannie Mae. Green Tree/ Ditech merely collected the debt for Fannie Mae.

4

(App. A-110)  Fannie Mae was not identified on prior papers as the current creditor or owner of the loan.  Rather, defendants listed Green Tree/ Ditech as the current creditor.  Mr. Cohen alleges that defendants violated the FDCPA by misrepresenting and failing to disclose the current creditor.

Defendants moved to dismiss Mr. Cohen's FDCPA complaint pursuant to Fed.R.Civ.P. 12(b)(6), arguing that they were not acting as a debt collector because the FDCPA does not apply to foreclosure actions.

On March 24, 2017, the District Court entered a Memorandum and Order granting defendants' motions to dismiss the complaint.  (App. A-213-222) The District Court held that "the communications at issue, filings during a foreclosure action," did not "constitute an attempt to collect a debt within the meaning of the FDCPA." (App. A-217) The District Court's reasoned that defendants were only attempting to enforce a security interest, not collect money:

> The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). While the note is a debt, the mortgage "'is a type of security interest with real property as the collateral,' that a lender can take if a debtor does not fulfill a payment obligation; it 'is not a promise to pay a debt.'" *Hill v. DLJ Mortg. Capital, Inc.,* 15-CV-3083, 2016 WL 5818540, at *7 (E.D.N.Y. Sept. 30, 2016) [aff'd other grounds by summary order, 16-3685-cv, 2d Cir., May 3, 2017] (quoting *Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1216 (11th Cir. 2012)). In other words, "[t]he note represents the primary

5

personal obligation of the mortgagor, and the mortgage is merely the security for such obligation." *Copp v. Sands Point Marina, Inc.,* 17 N.Y.2d 291, 293, 217 N.E.2d 654, 270 N.Y.S.2d 599 (1966).

In recognition of this distinction, a holder of a note secured by a mortgage has two remedies under New York law: "one at law in a suit on the debt as evidenced by the note, the other in equity to foreclose the mortgage." *Copp,* 17 N.Y.2d at 293; *see also Westnau Land Corp. v. U.S. Small Bus. Admin.,* 1 F.3d 112, 115 (2d Cir. 1993) ("under New York law, a creditor is required to elect between the remedies of an action for money damages on a debt or an equitable action to foreclose a mortgage that secures the debt."); *Wells Fargo Bank, N.A. v. Goans,* 136 A.D.3d 709, 24 N.Y.S.3d 386 (2d Dep't N.Y. App. Div. 2016) ("Where a creditor holds both a debt instrument and a mortgage which is given to secure the debt, the creditor may elect either to sue at law to recover on the debt, or to sue in equity to foreclose on the mortgage."). It is also clear that under New York law, a mortgage foreclosure is an equitable remedy and an action seeking that relief is equitable in nature. *See 4 B's Realty 1530 CR39, LLC v. Toscano,* 818 F. Supp. 2d 654, 659 (E.D.N.Y. 2011); *see also Notey v. Darien Constr. Corp.,* 41 N.Y.2d 1055, 364 N.E.2d 833, 396 N.Y.S.2d 169 (1977) ("An action to foreclose a mortgage is, of course, in equity").

Courts in this Circuit that have considered whether actions taken within a foreclosure action constitute debt collection "have held that 'the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for purposes of the FDCPA.'" *Hill,* 2016 WL 5818540, at *7 (quoting *Boyd v. J.E. Robert Co.,* No. 05-CV-2455, 2013 WL 5436969, at *9 (E.D.N.Y. Sept. 27, 2013), *aff'd on other grounds,* 765 F.3d 123 (2d Cir. 2014)). This Court agrees with this reasoning. Here, Green Tree elected to commence an action to foreclose on the mortgage and the "communications" at issue were made in the context of enforcing its security interest. As such, there was no attempt to enforce a debt actionable under the FDCPA. (App. A-217-219)

The District Court thought it unimportant that the state court complaint expressly

sought a personal deficiency money judgment if the property were insufficient to

6

satisfy the loan:

> Plaintiff argues that the Foreclosure Action does seek a money judgment on the "debt" because it seeks a deficiency judgment against Cohen in the event that the proceeds of the sale of the mortgaged property are insufficient to satisfy the amount owed. Article 13 of the Real Property Actions and Proceedings Law ("RPAPL") governs actions to foreclose a mortgage in New York. It expressly provides that a final judgment in a foreclosure action may include a deficiency judgment against the person liable for the debt secured by the mortgage "of the whole residue, or so much thereof as the court may determine to be just and equitable, of the debt remaining unsatisfied, after a sale of the mortgaged property and the application of the proceeds." RPAPL §1371(1). Plaintiff cites no case law to support the inference that this provision somehow affects the nature of the Foreclosure Action or changes it from an equitable proceeding to one at law. Indeed, such a result would violate New York's election of remedies framework. *See Boyd v. Jarvis,* 74 A.D.2d 937, 937, 426 N.Y.S.2d 142 (3rd Dep't 1980) (rejecting plaintiffs' attempt to commence a second action at law and noting that as they had elected to proceed in equity by seeking foreclosure, they should have sought a deficiency judgment in the foreclosure action); *see also Wyoming Cty. Bank & Trust Co. v. Kiley,* 75 A.D.2d 477, 481, 430 N.Y.S.2d 900, 903 (4th Dep't 1980) ("when a mortgage-secured creditor commences an equitable action to foreclose its mortgage, the action does not result in a 'money judgment'"). (App. A-219)

The District Court also concluded that the FDCPA should not apply when formal

legal proceedings were pending in state court, reasoning:

> In any event, under the facts presented in this case, the Court finds that the purposes of the FDCPA are not furthered by continuation of this action. Acknowledging the procedures and protections available in bankruptcy court, the Second Circuit has noted that given that "the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers." *Simmons v. Roundup Funding, LLC,* 622 F.3d 93, (2d Cir. 2010) (internal quotation and citation omitted). Applying the same reasoning, a District Court in Connecticut analyzed Connecticut law and

7

determined that "mortgagors in a foreclosure proceeding likewise do not need protection from abusive collection methods that are covered under the FDCPA because the state foreclosure process is highly regulated and court controlled." *Derisme v. Hunt Leibert Jacobson P.C.,* 880 F. Supp. 2d 311, 327 (D. Conn. 2012). The same rationale is applicable to foreclosure proceedings in New York courts.

In the aftermath of the mortgage foreclosure crisis, New York passed the Foreclosure Prevention and Responsible Lending Act which strengthened and added protections for borrowers in jeopardy of losing their homes. Stronger notice provisions were implemented, covering a variety of circumstances and intending to protect borrowers. *See* RPAPL §1303 (requiring "Help for Homeowners in Foreclosure" notice); RPAPL §1304 (requiring additional notices in connection with subprime or non-traditional home loans); RPAPL §1320 (requiring a special summons in actions to foreclose a mortgage on private residences). Certain filings with the Superintendent of Financial Services are also required. *See* RPAPL §1306. The parties are now required to participate in mandatory, court-supervised settlement proceedings at which they are required to "negotiate in good faith to reach a mutually agreeable resolution, including but not limited to a loan modification, short sale, deed in lieu of foreclosure or any other loss mitigation, if possible." RPAPL §3408. The New York court system can amply protect borrowers from any allegedly unscrupulous actions taken in the foreclosure proceeding. Accordingly, the purposes of the FDCPA are not implicated, especially where all the allegedly impermissible conduct occurred within the context of the foreclosure proceeding. (App. A-219-221)

Judgment for defendants was entered on March 27, 2017. (App. A-222) Mr.

Cohen filed a notice of appeal on April 7, 2017. (App. A-223-224)

8

## STATEMENT OF FACTS

Plaintiff, Aaron Cohen, is an individual natural person who resides in New York. (Cmplt., ¶7 [App. A-10])

Rosicki is a law firm with offices in Plainview, New York, that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, including residential mortgage debts. (Cmplt., ¶¶9-10 [App. A-10]) Rosicki is a debt collector as that term is defined by 15 U.S.C. §1692a(6). (Cmplt., ¶11 [App. A-10])

Ditech is a Delaware limited liability company that does business in New York. (Cmplt., ¶12 [App. A-10]) Ditech regularly begins to collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another after they have gone into default. (Cmplt., ¶13 [App. A-10]) Ditech is a debt collector as that term is defined by 15 U.S.C. §1692a(6). (Cmplt., ¶14 [App. A-10])

On or about August 11 2005, Mr. Cohen allegedly obtained a mortgage loan. (Cmplt., ¶15 [App. A-10]) The loan was for personal, family or household purposes. (Cmplt., ¶16 [App. A-11]) The mortgage loan is a "debt" as defined by 15 U.S.C. §1692a(5).

According to a state court foreclosure complaint filed against Mr. Cohen in

9

2015, Green Tree (which is now Ditech) was assigned his mortgage on June 10, 2013. (Cmplt., ¶18 [App. A-11]) According to the foreclosure complaint, Mr. Cohen has been in default on his mortgage since 2009. (Cmplt., ¶19 [App. A-11])

Shortly after the foreclosure complaint was filed, Mr. Cohen received a copy. It stated the alleged amount of the debt ($545,425.53), the alleged name of the creditor to whom the debt was owed (Green Tree Servicing LLC), dispute rights and rights relating to obtaining information. (Cmplt., ¶20 [App. A-11])

The name of the creditor to whom the debt was owed at the time of the foreclosure complaint was not Green Tree Servicing, LLC. (Cmplt., ¶21 [App. A-11])

The correct name of the creditor to whom the debt was owed at the time of the foreclosure complaint was Fannie Mae, according to the response to a qualified written request by Mr. Cohen. (App. A-110)

Mr. Cohen also received a certificate of merit and a request for judicial intervention. (Cmplt., ¶23 [App. A-11]) The certificate of merit, the foreclosure complaint and the request for judicial intervention are "communications" as defined by the FDCPA. (Cmplt., ¶24 [App. A-11]) While the foreclosure complaint is a formal pleading in a civil action, the request for judicial intervention and the certificate of merit are not. (Cmplt., ¶26 [App. A-11])

The correct identification of the "creditor to whom the debt is owed" was readily available to Rosicki and Ditech at the time of Rosicki's communications with Mr. Cohen.   (Cmplt., ¶27   [App. A-12])

## SUMMARY OF THE ARGUMENT

The District Court's conclusion that a lawsuit against a consumer seeking sale of collateral and expressly requesting a personal money judgment against the consumer if forced sale of the collateral does not satisfy the debt does not constitute "debt collection" is wrong. Defendants clearly sought to collect money. Defendants' foreclosure summons and complaint referred to the debt, sought a deficiency judgment, and sought attorney's fees.

Numerous courts have held that foreclosure actions are subject to the FDCPA, especially when a deficiency judgment is sought. Defendants' purpose is to obtain payment, not the real estate. Defendants joined a request for a personal deficiency money judgment, attorney's fees and costs – i.e., for money – with their request for foreclosure. This Court should reverse the District Court's dismissal of the complaint and hold that foreclosure actions are subject to the FDCPA, at least where a personal deficiency is part of the relief requested, and that defendants were therefore acting as debt collectors when they pursued the foreclosure action.

The District Court's conclusion that collection activity after the filing of a lawsuit is subject to some sort of nonstatutory FDCPA exemption is also wrong. The FDCPA expressly regulates litigation conduct. It was enacted because the

12

protections afforded consumers by state law were insufficient. The Supreme Court and this Court have held, consistently with the legislative history of the FDCPA, that filing collection lawsuits is "debt collection" covered by the statute. *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Sykes v. Mel S. Harris and Associates LLC*, 780 F.3d 70 (2d Cir. 2015). *Heintz* would have been decided the other way if defendants' argument that court rules provide sufficient protection during the course of litigation was correct.

13

## ARGUMENT

## I.    STANDARD OF REVIEW

This Court reviews de novo "a District Court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo . . . ." *Fait v. Regions Financial Corp.*, 655 F.3d 105, 109 (2d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief." This "short and plain statement" must be enough " 'to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-557 (2007).   "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. The Supreme Court did "not require heightened fact pleading of specifics," but did demand that the complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. See also *George v. Smith*, 507 F.3d 605, 608 (7th Cir.2007).

"Even after *Twombly*, courts must still approach motions under Rule 12(b)(6) by 'constru[ing] the complaint in the light most favorable to the plaintiff,

14

accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.' " *Hecker v. Deere & Co.,* 556 F.3d 575, 580 (7th Cir. 2008). "We review a District Court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Fait v. Regions Financial Corp.*, 655 F.3d 105, 109 (2d Cir. 2011).

Moreover, a plaintiff "is not required to prove [his] case in [his] complaint, even in the post-*Twombly* and *Iqbal* environment: the Federal Rules still follow a notice-pleading regime, and they do not 'impose a probability requirement on the plaintiffs.'" *Motorola. Inc. v. Lemko Corp.*, 08cv5427, 2010 WL 960348, at *3 (N.D. Ill. Mar. 15, 2010), quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). *Accord, Sulehria v. New York*, 1:12cv0021, 2012 WL 1284380, *2 (N.D.N.Y. April 16, 2012) ("a plaintiff is certainly not required to prove her case in her initial complaint"). Rather, a plaintiff need only provide sufficient plausible facts to put the defendant on notice of his claims. *Brooks*, 578 F.3d at 581. "A plaintiff need not prove her case in the complaint," but merely show facts "beyond simple conjecture that the plaintiff is entitled to relief." *Wilson v. AT&T Inc.*, 1:09cv58, 2010 WL 987737 at *1 (S.D. Ind. Mar. 12, 2010). "[T]he changes that *Twombly* and its progeny have brought to the standard of review for Rule 12

15

motions have not changed the liberal notice pleading standard of the federal rules." *Wilson*, 2010 WL 987737 at *5.

## II.     THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e).  It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997).  The FDCPA broadly prohibits unfair or unconscionable collection methods including: conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.   It also requires specified disclosures.  15 U.S.C. §§1692(e)(11), 1692g.   Debt collectors are liable if they fail to provide the specified disclosures.

Whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer," *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993).  The standard is an objective one – whether the plaintiff or any class member was misled is not an element of a cause of action. "The question is not whether the plaintiff was deceived or misled, but rather whether an unsophisticated consumer would have been misled."  *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

16

Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601

et seq., the FDCPA should be liberally construed in favor of the consumer to

effectuate its consumer-protection purposes. *Cirkot v. Diversified Fin. Services,*

*Inc.,* 839 F. Supp. 941 (D. Conn. 1993).

> The [Consumer Credit Protection] Act is remedial in nature, designed to
> remedy what Congressional hearings revealed to be unscrupulous and
> predatory creditor practices throughout the nation. Since the statute is
> remedial in nature, its terms must be construed in liberal fashion if the
> underlying Congressional purpose is to be effectuated.

*N.C. Freed Co. v. Board of Governors*, 473 F.2d 1210, 1214 (2d Cir 1973). The

"FDCPA's legislative intent emphasizes the need to construe the statute broadly, so

that we may protect consumers against debt collectors' harassing conduct. This

intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*,

567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

Statutory damages are recoverable for violations, whether or not the

consumer proves actual damages. *Savino v. Computer Credit, Inc.*, 164 F.3d 81,

87 (2d Cir. 1998) ("All that is required for an award of statutory damages is proof

that the statute was violated"). Plaintiff need not allege anything more than that

the disclosures required by the FDCPA were not provided.

The FDCPA encourages consumers to act as "private attorneys general" to

enforce the public policies expressed therein. *Baker v. G.C. Services Corp.*, 677

17

F.2d 775, 780 (9th Cir. 1982). "Congress intended the Act to be enforced primarily by consumers . . . ." *FTC v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). "Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them . . . ." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989).

Plaintiff need not prove intent, bad faith or negligence in an FDCPA case. The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the plaintiff." *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *accord, Foti v. NCO Fin. Sys., Inc.*, 424 F.Supp.2d 643, 661 (S.D.N.Y.2006) ("The FDCPA establishes a strict liability standard; a consumer need not show intentional violation of the Act by a debt collector to be entitled to damages.").

18

**III. THE DISTRICT COURT ERRED IN HOLDING THAT DEFENDANTS WERE NOT ACTING AS DEBT COLLECTORS BY FILING A FORECLOSURE COMPLAINT THAT SOUGHT A DEFICIENCY JUDGMENT**

Defendants' complaint sought a personal deficiency judgment together with costs and attorneys' fees. (App. A-38, Wherefore Clause)   The summons included a "notice of debt" purporting to comply with §1692g that repeatedly referred to "the debt," and stated that "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt hereof, the debt will be assumed to be valid by Rosicki, Rosicki & Associates P.C."  (App. A-34)

Defendants cannot avoid the impact of their own words.  *Alibrandi v. Financial Outsourcing Services, Inc.*, 333 F.3d 82, 87 (2d Cir. 2003) (sending of §1692g "notice of debt" establishes that defendant was collecting debt that was considered to be in default).  Indeed, the prayer for a deficiency and attorney's fees and costs plus the "notice of debt" amount to "debt collection" as a matter of law. A "least sophisticated consumer" reading these documents could not help but think that defendants were trying to collect money.  It truly requires "the astuteness of a 'Philadelphia lawyer'", *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996), to contrive any other meaning from defendants' words.

Not only did defendants repeatedly refer to the payment of money by Mr. Cohen,  but as  pointed out in *Glazer v. Chase Home Finance LLC*, 704 F.3d 453,

19

461 (6th Cir. 2013), " every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (i.e, forcing a settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt).

New York Real Property Real Property Actions and Proceedings Law ("RPAPL")  §1341 states that upon tender of the amount due, as well as, fees and costs, the case shall be dismissed. Certainly in this case, the purpose is to acquire money, not real estate.  As one commentator has observed, the existence of redemption rights and the potential for deficiency judgments demonstrate that the purpose of foreclosure is to obtain payment on the underlying home loan. Such remedies would not exist if foreclosure were not undertaken for the purpose of obtaining payment. See Eric M. Marshall, *Note, The Protective Scope of the Fair Debt Collection Practices Act: Providing Mortgagors the Protection They Deserve From Abusive Foreclosure Practices*, 94 Minn. L.Rev. 1269, 1297–98 (2010). Accordingly, mortgage foreclosure is debt collection under the FDCPA.

Every Court of Appeals to have addressed the issue has held that foreclosure of a residential mortgage, at least where a personal deficiency is sought, is "debt collection" subject to the FDCPA because its principal objective is to coerce the

20

homeowner to pay money, and that lawyers and others regularly engaging in mortgage and lien foreclosures are subject to the FDCPA

**Third Circuit:** *Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 179 (3d Cir.2015) ("Nowhere does the FDCPA exclude foreclosure actions from its reach. On the contrary, foreclosure meets the broad definition of 'debt collection' under the FDCPA, and it is even contemplated in various places in the statute"); *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 233-36 (3d Cir. 2005) (FDCPA applies to collection of overdue water and sewer obligations via lien filed against consumer's house; also relied on letters requesting payment).

**Fourth Circuit:** *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) (FDCPA applies to actions of attorneys hired to initiate non-judicial foreclosure; concerned over the "enormous loophole" that would result otherwise, but also relying on direct requests for payment to conclude that FDCPA applies); *Rawlinson v. Law Office of William M. Rudow, LLC*, 460 Fed. Appx. 254 (4th Cir. 2012) (replevin action is covered by FDCPA, both with respect to the debtor and a family member named as a defendant because " Rudow Law explained that it had named Rawlinson as a defendant in the replevin action because she stated that Moore lived with her and, therefore, "she would also have reasonably been in possession of, or known the location of, the subject vehicle.").

21

**Fifth Circuit:** *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5ᵗʰ Cir. 2006)("a party who satisfies §1692a(6)'s general definition of a 'debt collector' is a debt collector for purposes of the entire FDCPA even when enforcing security interests").

**Sixth Circuit:** *Wallace v. Washington Mut. Bank, F.A.,* 683 F.3d 323 (6th Cir. 2012); *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 455 (6ᵗʰ Cir. 2013) ("we hold that mortgage foreclosure is debt collection under the Act").

**Seventh Circuit:** *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010) (request for information to evaluate modification covered even if there is no "explicit demand for payment.").

**Ninth Circuit:** The Ninth Circuit has specifically held that if personal liability is asserted in addition to a lien, the FDCPA applies. *Mashiri v. Epsten Grinnel & Howell*, 845 F.3d 984 (9ᵗʰ Cir. 2017) (case involved homeowners association dues, which are both a lien and a personal obligation, and held that a letter referring to "failure to pay" is debt collection as a matter of law). However, in jurisdictions such as California, where mortgage deficiencies are prohibited by statute, enforcing a lien without any reference to payment is not debt collection. *Ho v. ReconTrust Co.*, 840 F.3d 618, 621 (9th Cir. 2016).

**Eleventh Circuit:** *Reese v. Ellis, Painter, Ratterree & Adams LLP*, 678

F.3d 1211, 1217-18 (11th Cir. 2012) (noting that a contrary "rule would create a loophole in the FDCPA. A big one. In every case involving a secured debt, the proposed rule would allow the party demanding payment on the underlying debt to dodge the dictates of §1692(e) by giving notice of foreclosure on the secured interest. The practical result would be that the Act would apply only to efforts to collect unsecured debts. So long as a debt was secured, a lender (or its law firm) could harass or mislead a debtor without violating the FDCPA. That can't be right. It isn't. A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A 'debt' is still a 'debt' even if it is secured."); *Birster v. American Home Mortgage Servicing, Inc.*, 481 Fed.Appx. 579 (11th Cir., July 18, 2012) (same).

There are **no** contrary Court of Appeals decisions addressing foreclosures where a deficiency is sought.

Two state Supreme Courts have agreed, *Shapiro & Meinhold v. Zartman*, 823 P.2d 120 (Colo. 1992), *Alaska Trustee, LLC v. Ambridge*, 372 P.3d 207 (Alaska Sup. Ct. 2016), as have many district court decisions. *E.g., Hooks v. Forman Holt Eliades & Ravin LLC*, 11 Civ. 2767, 2015 WL 5333513, *10 (S.D.N.Y., Sept. 14, 2015).

While there are some contrary lower court decisions, these were soundly

23

rejected in *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453 (6th Cir. 2013),

where the court addressed the matter at length:

> The FDCPA speaks in terms of debt collection. For example, to be liable under the statute's substantive provisions, a debt collector's targeted conduct must have been taken "in connection with the collection of any debt," e.g., 15 U.S.C. §§1692c(a)-(b), 1692d, 1692e, 1692g, or in order "to collect any debt," id. § 1692f. In addition, to be a "debt collector" under the Act, one must either (1) have as his or her principal business purpose "the collection of any debts" or (2) "regularly collects or attempts to collect, directly or indirectly, debts owed or due ... another." Id. § 1692a(6). Despite the Act's pivotal use of the concept, however, it does not define debt collection. While the concept may seem straightforward enough, confusion has arisen on the question whether mortgage foreclosure is debt collection under the Act. We have not addressed the issue. Nor has the Consumer Financial Protection Bureau offered an authoritative interpretation on the matter. See 15 U.S.C. § 1692l(d). Other courts have taken varying approaches on the issue. . . .   (704 F.3d at 459-60)

After noting that the contrary decisions rely on "the premise that the enforcement

of a security interest, which is precisely what mortgage foreclosure is, is not debt

collection," the court held that "we find this approach unpersuasive and therefore

decline to follow it."  (704 F.3d at 460)  It explained:

> Unfortunately, the FDCPA does not define "debt collection," and its definition of "debt collector" sheds little light, for it speaks in terms of debt collection. See 15 U.S.C. § 1692a(6); cf. *In re Settlement Facility Dow Corning Trust,* 628 F.3d 769, 773 (6th Cir.2010) (noting that a definition containing the defined term is not likely to be helpful). But the statute does offer guideposts. It defines the word "debt," for instance, which is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]" 15 U.S.C. § 1692a(5). The focus on the underlying transaction

24

indicates that whether an obligation is a "debt" depends not on whether the obligation is secured, but rather upon the purpose for which it was incurred. . . .

In addition, the Act's substantive provisions indicate that debt collection is performed through either "communication," id. § 1692c, "conduct," id. § 1692d, or "means," id. §§ 1692e, 1692f. These broad words suggest a broad view of what the Act considers collection. Nothing in these provisions cabins their applicability to collection efforts not legal in nature. *Cf. Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (holding that "a lawyer who 'regularly,' through litigation, tries to collect consumer debts" is a "debt collector" under the Act). Foreclosure's legal nature, therefore, does not prevent if from being debt collection.

Furthermore, in the words of one law dictionary: "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." *Black's Law Dictionary* 263 (6th ed.1990). The Supreme Court relied on this passage when it declared the following in a case concerning the Act's definition of "debt collector": "In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts." *Heintz*, 514 U.S. at 294 (emphasis added). Thus, if a purpose of an activity taken in relation to a debt is to "obtain payment" of the debt, the activity is properly considered debt collection. Nothing in this approach prevents mortgage foreclosure activity from constituting debt collection under the Act. *See Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 124 (Colo.1992) (explaining that "foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt"). . . . (704 F.3d at 460-61)

The Sixth Circuit concluded that all mortgage foreclosures are intended to obtain payment on a debt:

In fact, every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (i.e, forcing a settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the

25

proceeds from the sale to pay down the outstanding debt). As one commentator has observed, the existence of redemption rights and the potential for deficiency judgments demonstrate that the purpose of foreclosure is to obtain payment on the underlying home loan. Such remedies would not exist if foreclosure were not undertaken for the purpose of obtaining payment. See Eric M. Marshall, *Note, The Protective Scope of the Fair Debt Collection Practices Act: Providing Mortgagors the Protection They Deserve From Abusive Foreclosure Practices*, 94 Minn. L.Rev. 1269, 1297–98 (2010). Accordingly, mortgage foreclosure is debt collection under the FDCPA.

Other provisions in the Act reinforce this view. The Act nowhere excludes from its reach foreclosure or the enforcement of security interests generally. In fact, certain provisions affirmatively suggest that such activity is debt collection. Section 1692f prohibits "debt collectors" from using "unfair or unconscionable means" to "collect any debt." After stating this general prohibition, the section sets forth a non-exhaustive list of specific activities prohibited thereunder, one of which is "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property" if, e.g., "there is no present right to possession of the property claimed as collateral through an enforceable security interest[.]" 15 U.S.C. § 1692f(6)(A). Foreclosure in some states is carried out in just this way—through "nonjudicial action," the result of which is to "effect dispossession" of the secured property. See, e.g., Mich. Comp. Laws §600.3204 (authorizing foreclosure by advertisement only if no lawsuit has been filed to recover the underlying debt); Tenn.Code Ann. § 35–5–101 (permitting foreclosure by advertisement). The example's presence within a provision that prohibits unfair means to "collect or attempt to collect any debt" suggests that mortgage foreclosure is a "means" to collect a debt. . . .  (704 F.3d at 461-2)

Our holding today is supported by decisions from our sister circuits. . . .

Courts that hold that mortgage foreclosure is not debt collection offer different reasons for this view. Some reason that the FDCPA is concerned only with preventing abuse in the process of collecting funds from a debtor, and that foreclosure is distinct from this process because "payment of funds is not the object of the foreclosure action." *Hulse,* 195 F.Supp.2d at 1204. We disagree. There can be no serious doubt that the ultimate purpose of

26

foreclosure is the payment of money.  (704 F.3d at 462-3)

The Sixth Circuit noted that if a mortgage foreclosure action were not debt

collection, 15 U.S.C. §1692i, which regulates the venue of mortgage foreclosures

and only applies to a "debt collector," would otherwise allow *in rem* actions to be

brought in remote venues:

> Consider also § 1692i. This section requires a debt collector bringing a legal action against a consumer "to enforce an interest in real property securing the consumer's obligation"—e.g., a mortgage foreclosure action—to file in the judicial district where the property is located. 15 U.S.C. § 1692i(a)(1). Although the provision itself does not speak in terms of debt collection, it applies only to "debt collectors" as defined in the first sentence of the definition, id. § 1692a(6), which does speak in terms of debt collection. This suggests that filing any type of mortgage foreclosure action, even one not seeking a money judgment on the unpaid debt, is debt collection under the Act.  (704 F.3d at 462)

*Accord*, *Kaltenbach v. Richards, supra*, 464 F.3d 524, 528 (5th Cir. 2006).

Indeed, 15 U.S.C. §1692i(a)(1) applies to "any" legal  "action to enforce an interest

in real property securing the consumer's obligation," not just one in which a

deficiency is sought. "Any" also does not suggest it is limited to actions by lawyers

who also collect money, i.e., less than "any." *Shapiro*, *supra*, 823 P.2d at 123

(proceeding to authorize sale under power of sale is covered).

The Sixth Circuit in *Glazer* also rejected the notion that the separate

reference in §1692a(6) to persons whose principal business is the enforcement of

security interests means that foreclosures are outside the general definition of "debt

27

collector":

> Some courts that hold mortgage foreclosure to be outside the Act rely principally on the definition of "debt collector." After defining a "debt collector" as one whose principal business purpose is the "collection of any debts" or who "regularly" collect debts, the definition's third sentence states: "For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). One who satisfies the first sentence is a debt collector for all sections of the Act, but one satisfying only the third sentence is a "debt collector" limited to § 1692f(6) (concerning non-judicial repossession abuses). *See Kaltenbach*, 464 F.3d at 528; *Montgomery*, 346 F.3d at 699–701. Therefore, these courts reason, "if the enforcement of a security interest was synonymous with debt collection, the third sentence would be surplusage because any business with a principal purpose of enforcing security interests would also have the principal purpose of collecting debts." *Gray v. Four Oak Court Ass'n, Inc.*, 580 F.Supp.2d 883, 888 (D.Minn.2008). To avoid this result, these courts conclude that the enforcement of a security interest, including mortgage foreclosure, cannot be debt collection. Id.

The *Glazer* Court held that the language at issue expanded the scope of

"debt collector" in the FDCPA, not created an exception:

> We reject this reading of the statute. The third sentence in the definition does not except from debt collection the enforcement of security interests; it simply "make[s] clear that some persons who would be without the scope of the general definition are to be included where § 1692f(6) is concerned." *Piper*, 396 F.3d at 236; *see Shapiro & Zartman*, 823 P.2d at 124. It operates to include certain persons under the Act (though for a limited purpose); it does not exclude from the Act's coverage a method commonly used to collect a debt. As the Third Circuit explained in *Piper*,

>> [e]ven though a person whose business does not primarily involve the collection of debts would not be a debt collector for purposes of the Act generally, if his principal business is the enforcement of security

28

interests, he must comply with the provisions of the Act dealing with non-judicial repossession abuses. Section 1692a(6) thus recognizes that there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts.

*Piper*, 396 F.3d at 236. And, in the words of the Fourth Circuit, "[t]his provision applies to those whose only role in the debt collection process is the enforcement of a security interest." *Wilson,* 443 F.3d at 378.

The *Glazer* court concluded that the language at issue expanded the FDCPA

to repossession agents without removing anything otherwise covered by the

FDCPA:

Other than repossession agencies and their agents, we can think of no others whose only role in the collection process is the enforcement of security interests. A lawyer principally engaged in mortgage foreclosure does not meet this criteria, for he must communicate with the debtor regarding the debt during the foreclosure proceedings, regardless of whether the proceedings are judicial or non-judicial in nature. See, e.g., Mich. Comp. Laws § 600.3205a(1) (requiring the foreclosing party to serve on the borrower before commencing a foreclosure-by-advertisement a written notice containing information about the underlying obligation and stating how to avoid foreclosure); Tenn.Code Ann. § 35–5–101(e) (same); *cf. Reese*, 678 F.3d at 1217 (noting that a foreclosure notice serves more than one purpose). *See also Shapiro & Meinhold*, 823 P.2d at 124 (noting that "attorneys are not exempt [from the Act] merely because their collection activities are primarily limited to foreclosures"). Not so for repossessors, who typically "enforce" a security interest—i.e., repossess or disable property—when the debtor is not present, in order to keep the peace.

Finally, the fact that the only provision of the Act applicable to those who satisfy the third sentence in the definition (but not the first sentence) concerns non-judicial repossessions—precisely the business of repossessors—also suggests that the sentence applies only to repossessors. Indeed, all of the cases we found where §§ 1692f(6) and 1692a(6)'s third

sentence were held applicable involved repossessors. . . . (704 F.3d at 463-4)

The court concluded: "For these reasons, we hold that mortgage foreclosure is debt collection under the Act. Lawyers who meet the general definition of a 'debt collector' must comply with the FDCPA when engaged in mortgage foreclosure. And a lawyer can satisfy that definition if his principal business purpose is mortgage foreclosure or if he 'regularly' performs this function. . . ." (704 F.3d at 464)

Foreclosure should be covered – as noted by the Sixth Circuit, and is obvious from the prayer for relief and the correspondence sent by the defendant in this action, mortgage lenders and servicers are interested in acquiring the consumer's money, not the consumer's real estate. We have rarely seen foreclosure not accompanied by some effort to modify, restructure, induce sale, or otherwise collect money from the homeowner, and this case is no exception. Section 1692f(6) is not an exception to the definition of debt collector, but brings within the FDCPA for limited purposes repossessors of vehicles and similar collateral who try not to have any contact with the debtor.

This Court has applied the FDCPA to various attempts to enforce mortgage loans, *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017); *Hart v. FCI Lender Services, Inc.*, 797 F.3d 219 (2d Cir. 2015); *Vincent v. The Money Store*,

30

736 F.3d 88 (2d Cir. 2013) ("breach letters" sent as "prerequisite before mortgage lenders like The Money Store can foreclose on a borrower's property" are covered by FDCPA).

Critically, the reasoning of *Glazer* is the same as that adopted by this Court in *Romea v. Heiberger & Assocs.,* 163 F.3d 111 (2d Cir. 1998)*,* where this Court held that the statutory notice that precedes the filing of an a eviction is an attempt to collect a debt even if only eviction is sought, because at bottom the landlord wants money. 163 F.3d at 116. In *Romea*, the defendant claimed that an attorney who regularly served the three-day notice that is required by New York law as a condition precedent to a summary eviction proceeding was not subject to the FDCPA because it "was sent in connection with a possessory *in rem* action under Article 7 of the New York Real Property Actions and Proceedings Law" (163 F.3d at 116) "Heiberger asserts that the purpose of the Article 7 process is not debt collection, but rather 'a means of quickly adjudicating disputes over rights of possession of real property.' Heiberger maintains that the matter of the rent owed by the tenant is 'incidental' to the summary proceeding's primary purpose, that of regaining possession of the premises." (*Id.*)

Rejecting the argument, this Court held that the statutory notice that precedes the filing of an eviction is an attempt to collect a debt even if only

31

eviction is sought, because the proceeding must be terminated if the consumer tenders money, and at bottom the landlord wants money, not vacant property. (163 F.3d at 116) This Court held: "[A] tenant can avoid the eviction proceeding by paying the owed rent. Although Heiberger is correct that the notice required by §711 is a statutory condition precedent to commencing a summary eviction proceeding that is possessory in nature, this does not mean that the notice is mutually exclusive with debt collection." (*Id.*)

Similarly, in this case Mr. Cohen can avoid the foreclosure by paying money. RPAPL §1341. *See Hooks v. Forman Holt Eliades & Ravin LLC*, 11 Civ. 2767, 2015 WL 5333513, *10 (S.D.N.Y., Sept. 14, 2015), noting that both eviction and foreclosure notices are intended to induce the recipient to pay money and avoid the loss of property. *Accord, Rinaldi v. Green Tree Servicing LLC,* 14cv8351, 2015 WL 5474115 (S.D.N.Y., June 8, 2015) (following *Glazer*). *See Hart v. FCI Lender Services, supra*, 797 F.3d at 226 and n. 7 (*Romea* applies to demand for payment of mortgage loan); *Piper v. Portnoff Law Assocs., Ltd., supra*, 396 F.3d at 234 (citing *Romea* for proposition that "the fact that challenged communications come in the context of enforcing a lien is irrelevant"); and *Reese v. Ellis, Painter, Ratterree & Adams, supra,* 678 F.3d at 1218 (citing *Romea* for proposition that attempt to enforce both note and mortgage is covered by the

32

FDCPA).

In support of its conclusion, the District Court cited *Boyd v. J.E. Robert Co.,* No. 05-CV-2455, 2013 WL 5436969, at *9 (E.D.N.Y. Sept. 27, 2013), *aff'd on other grounds,* 765 F.3d 123 (2d Cir. 2014). In *Boyd*, the district court held that the foreclosure of a tax lien without seeking a personal deficiency was not "debt collection" on the theory that "if the enforcement of a security interest was synonymous with debt collection, the third sentence [of 15 U.S.C. §1692a(6)] would be surplusage because any business with a principal purpose of enforcing security interests would also have the principal purpose of collecting debts. Therefore, to avoid this result, the court determines that the enforcement of a security interest, including a lien foreclosure, does not constitute the 'collection of any debt.'"

This reasoning is seriously flawed because, as pointed out in *Glazer*, there is a large class of security interest enforcers – professional repossessors of automobiles and similar collateral – whose principal business is the enforcement of security interests without contact with the debtor– indeed, who prefer to operate in the dead of night in order to avoid such contact. The existence of the third sentence thus does not mean that persons who ***both*** enforce security interests ***and*** communicate with the consumer seeking money, and who would prefer payment of

33

money to the taking of the property  – such as defendants and others  engaged in the foreclosure of mortgages  – are not engaged in debt collection.  Significantly, when this Court affirmed *Boyd*, it did not adopt the district court's reasoning, instead holding that the tax lien at issue was not a consensual "transaction" required to trigger the FDCPA.

Both landlords and mortgage companies want money, not vacant real estate. The foreclosure action in this case expressly sought money.  Seeking money  on a consumer debt is debt collection regulated by the FDCPA.

**IV.    NEW YORK FORECLOSURE PROCEDURE CANNOT TURN A FORECLOSURE ACTION SEEKING A PERSONAL DEFICIENCY INTO  SOMETHING OTHER THAN AN ATTEMPT TO COLLECT A DEBT**

Section 1692a(5) defines "debt" to include any actual or alleged obligation to pay money arising out of a consumer transaction.   The words of the statute do not provide any exception for secured debt. *Reese v. Ellis, Painter, Ratterree & Adams LLP, supra*, 678 F.3d at 1217-18.  Mortgages, automobile paper, and personal property secured debts comprise a large proportion of all consumer debt, and if Congress meant the FDCPA to not apply to such debts, it would have said so expressly.  Congress expressly addressed the filing of lawsuits on mortgages in 15 U.S.C. §1692i, so it was not a question of oversight.

The FDCPA does not provide an exception for debt collection activities that are joined with other requests for relief, such as the repossession and sale of collateral, whether such requests are characterized as "legal" or "equitable."  *Reese v. Ellis, Painter, Ratterree & Adams LLP, supra*, 678 F.3d at 1217 ("The fact that the letter and documents relate to the enforcement of a security interest does not prevent them from also relating to the collection of a debt within the meaning of §1692e"). Creating such an exception would effectively negate the FDCPA's "broad, pro-debtor objectives,"  *Alibrandi, supra*, 333 F.3d at 87.

Accordingly, defendants' request for a personal deficiency judgment and the

35

award of attorney's fees and costs was sufficient to make the FDCPA applicable  –
they are attempts to collect money from a consumer on account of a transaction  for
personal, family or household purposes.

A New York foreclosure complaint typically asks for foreclosure,
establishment of an amount of a deficiency by sale, followed by a deficiency.  This
procedure was expressly authorized in *Flushing Sav. Bank, FSB v. Bitar*, 25
N.Y.3d 307, 33 N.E.3d 1282, 12 N.Y.S.3d 12 (2015), and is generally followed by
foreclosing mortgagees.

Under *Flushing,* there is no question that it is proper to ask for a personal
deficiency money judgment in a New York foreclosure suit; a mortgagee in New
York does not have to "elect" between obtaining the property and enforcing the
mortgagor's personal liability.   The prohibition in RPAPL §1301 is against
maintaining multiple or  duplicative actions on the note and mortgage, i.e., filing a
suit on the note followed by a separate foreclosure action.  In any event, this case
involves a New York foreclosure suit in which a personal deficiency money
judgment was requested, and  the fact that a demand for money on a consumer debt
is unfounded is a ground for ***applying*** the FDCPA.  *Davis v. Midland Funding,
LLC*, 2:13cv2316, 2014 WL 3889971 (E.D.Cal., Aug. 7, 2014) ("a debt collector
that attempts to collect an obligation from the wrong person is subject to the

36

FDCPA"); Sen.R. No. 95-382, 95th Cong., 1st. Sess., p. 4, reprinted in 1977 USCCAN 1695, 1698 (§1692g "will eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.").

The District Court relied on a decision in a *pro se* case, *Derisme v. Hunt Leibert Jacobson P.C.,* 880 F.Supp.2d 311 (D.Conn. 2012), reconsideration denied, No. 3:10cv23, 2013 WL 1187853 (D.Conn., Mar. 21, 2013), appeal dismissed, 13-1545 (2d Cir., Jan 15, 2014), which concluded that prosecuting a foreclosure action is not "conduct related to the collection of money" until the plaintiff files a motion for a deficiency judgment following sale of the property. (*Derisme*, 880 F.Supp.2d at 326)  Both Connecticut and New York use judicial foreclosure proceedings in which the consumer is determined to be in default, the amount of the debt is established, and the property is ordered to be sold to satisfy the debt.  If the sale is fairly conducted and other prerequisites are met, the mortgagee files a motion for entry of a deficiency judgment holding the consumer liable for any shortfall.

On the theory adopted in *Derisme*, a debt collector enforcing an ordinary unsecured debt could ask the consumer to admit that the account belonged to the consumer and was unpaid without complying with the FDCPA at all. The

37

collection activity would only become "debt collection" when the collector asked a court to enter a judgment in a specific amount. At that time, the protections of the FDCPA would no longer do the consumer much good, since the consumer has admitted everything except the amount of damages.

The flaw in the *Derisme* reasoning is that the FDCPA is intentionally written using very broad language. It applies to "the conveying of information regarding a debt directly or indirectly to any person through any medium" (15 U.S.C. §1692a(2), defining "communication") and any "representation or means in connection with the collection of any debt" (15 U.S.C. §1692e, identifying deceptive collection practices). Communications or litigation for the purpose of establishing that the consumer signed a note, that the note has not been paid, and the value of the collateral securing the note are communications "regarding a debt" and "in connection with the collection of any debt." Similarly, §1692i defines the filing of an action to enforce a security interest in real estate to be debt collection, and is not limited to a motion for the entry of a deficiency judgment in a specific amount. The collection process cannot be segmented in the manner suggested in *Derisme*, with the FDCPA inapplicable to all steps except the very last one. In any event, mortgage companies want to acquire money, not vacant real estate, and the foreclosure sale helps establish the amount of any deficiency.

38

Significantly, the *pro se* plaintiff's papers in *Derisme* did not cite any of the appellate decisions on point, did not analyze the FDCPA, and were frankly incomprehensible, referring to the "Moorish Holy Temple of Science of the World" (see 3:10cv23, dkt. 193-1, filed Dec. 5, 2011). They certainly did not point out that the "merely establishing liability" argument was inconsistent with this Court's reasoning in *Romea*, which it is.

*Hill v. DLJ Mortg. Capital, Inc.,* 15cv3083, 2016 WL 5818540, at *7 (E.D.N.Y. Sept. 30, 2016), also cited by the District Court in this case, followed *Derisme* (and *Boyd, supra*) and is incorrect for the same reasons. The decision was affirmed on other grounds by summary order (16-3685-cv, 2d Cir., May 3, 2017); this Court assumed that the FDCPA applied, expressly declining to reach the issue presented here, and found no FDCPA violation had been committed.

39

## V. THERE IS NO FDCPA EXEMPTION FOR DEBT COLLECTOR CONDUCT FOLLOWING THE FILING OF A LAWSUIT

The District Court's conclusion that there is an implicit exception from the FDCPA once a lawsuit is filed is wrong.

Nothing in the FDCPA suggests that once a lawsuit is filed, a debt collector has carte blanche to engage in communications without regard to the FDCPA. On the contrary, the FDCPA expressly prohibits (15 U.S.C. §1692e(15)) "[t]he false representation or implication that documents are not legal process forms or do not require action by the consumer," which encompasses post-filing communications designed or likely to bring about a default judgment. Since the communications prohibited by §1692e(15) are one example of a "false, deceptive, or misleading representation or means in connection with the collection of any debt" (§1692e, introductory sentence), it is clear that the communications and "means" covered by the FDCPA do not cease upon the filing of suit. There is simply no textual basis in the FDCPA for excluding post-filing communications from its scope.

Furthermore, the proposed exemption, like that for the collection of secured debt, would create by implication a gaping loophole in the protection afforded by Congress. Collection attorneys have repeatedly sent consumers misleading or abusive documents together with or following service of a summons and complaint. *Tolentino v. Friedman*, 833 F.Supp. 697, 698-99 (N.D.Ill. 1993), aff'd

40

in pertinent part, 46 F.3d 645 (7th Cir. 1995) (ominous "important notice" drafted by debt collector accompanied summons and complaint); *In re Humes*, 468 B.R. 346 (Bankr. E.D. Ark. 2011), later opinion, 496 B.R. 557 (Bankr. E.D. Ark. 2013) ("orange paper" attached to complaint asked consumer to call collection attorney to "avoid the necessity of you appearing in Court or filing an Answer"; consumer called attorney, made payment arrangements, but had default judgment entered against him).  Given this history, there is no reason why the filing of a lawsuit should create a non-statutory FDCPA exemption.

The District Court's statement that court rules of procedure furnish sufficient protection for consumers once a lawsuit is filed is directly contrary to the Supreme Court decision in  *Heintz  v. Jenkins*, 514 U.S. 291, 299  (1995), which held that collection litigation is covered by the FDCPA.   In *Heintz*, the defendant claimed that the FDCPA did not apply to litigation activities.  The Supreme Court rejected the argument and held that "Litigating, at first blush, seems simply one way of collecting a debt."  *Id.* at 297. The Court specifically rejected the position that only collection activities outside of litigation are covered by the FDCPA. *Id.   Heintz* would have been decided the other way if the notion that court rules provide sufficient protection during the course of litigation was correct.

Following *Heintz*, courts imposed liability for misrepresentations in

41

pleadings. *Thomas v. Simpson & Cybak,* 392 F.3d 914 (7th Cir. 2004); *Gearing v. Check Brokerage Corp.,* 233 F.3d 469 (7th Cir. 2000); *Veach v. Sheeks*, 316 F.3d 690 (7th Cir. 2003) (misrepresentation of amount of debt in complaint); *Miller v. Wolpoff & Abramson*, 321 F.3d 292 (2d Cir. 2003) (complaint); *Sprouse v. City Credits Co.*, 126 F.Supp.2d 1083, 1089 n. 8 (S.D.Ohio 2000) (finding that a summons and complaint served in a state court action constitute "initial communications" under the FDCPA); *Mendus v. Morgan & Assoc., P.C.*, 994 P.2d 83 (Okla.App. 1999) (summons is "communication"); *Blevins v. Hudson & Keyse, Inc.*, 395 F.Supp. 2d 655 (S.D.Ohio 2004), later opinion, 395 F.Supp.2d 662 (S.D.Ohio 2004); *Jacquez v. Diem Corp.*, 02cv0500, 2003 WL 25548423 (D.Ariz. Feb. 20, 2003) (writ of garnishment); *Lee v. Javitch, Block & Rathbone, LLP*, 484 F. Supp. 2d 816 (S.D.Ohio 2007); *Collins v. Sparacio*, 03 C 64, 2003 WL 21254256 (N.D.Ill., May 30, 2003), later opinion, 2004 WL 555957 (N.D.Ill. Mar 19, 2004); *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856 (S.D.Ohio 2005).

Congress responded to *Heintz* by amending the FDCPA to exclude "formal pleadings" from two specific FDCPA requirements. In 1996 Congress amended §1692e(11) to exclude "formal pleadings" from that disclosure requirement of the FDCPA. (Pub.L. 104-208, Title II, § 2305(a), Sept. 30, 1996, 110 Stat. 3009-425.)

42

A similar amendment was made in 2006 to §1692g, by adding subdivision (d): "A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." (Pub.L. 109-351, Title VIII, § 802, Oct. 13, 2006, 120 Stat. 2006.)

No exemption for pleadings or other litigation-related communications was provided for any portions of the FDCPA other than §§1692e(11) and 1692g. If, as the District Court held, there is an implied exemption once litigation has commenced, "§1692e(11)'s express exemption of formal pleadings would be unnecessary." *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 231 (4th Cir. 2007) (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253, (1992) for the proposition that "[C]ourts should disfavor interpretations of statutes that render language superfluous"). Furthermore, the exemptions expressly recognize that a pleading is a "communication" with a consumer within the meaning of the FDCPA. 15 U.S.C. §1692g(d) (referring to a "communication *in the form of a formal pleading*"); *see also Admiral Ins. Co. v. Weitz & Luxenberg*, *P.C.,* 02cv2195, 2002 WL 31409450, *4 (S.D.N.Y., Oct. 24, 2002) (exemption in insurance policy would be superfluous unless basic language afforded coverage).

In short, Congress, after being squarely presented with the issue of whether litigation-related communications with consumers are subject to the FDCPA,

43

amended the statute to expressly recognize that they are, with two exceptions that are not applicable here.

When Congress amends a statute which has been construed by the courts, the amendment represents a legislative approval of the construction that the courts placed upon the statute. *Snyder v. Harris*, 394 U.S. 332, 338 (1969). This principle applies with special force where, as here, the judicial construction is expressly accepted, with limited exceptions being provided. Thus, the two exceptions expressly made are the only ones permitted, and the general prohibitions against false statements in communications with consumers in §§1692e, 1692e(2) and 1692e(10) apply to pleadings and other litigation-related communications.

After 2006, this Court and others have continued to apply the FDCPA to collection litigation. The decisions of this and other courts applying the FDCPA to collection and foreclosure court abuses. *Sykes v. Mel S. Harris and Associates LLC*, 780 F.3d 70 (2d Cir. 2015); *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017); *Goldman v. Cohen*, 445 F.3d 152, 155–56 (2d Cir. 2006); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014)(en banc); *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808 (7th Cir. 2016) (FDCPA claim based on misleading information in complaint about how to respond to lawsuit);

44

*Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 176–77 (3d Cir. 2015); *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443, 449–50 (6th Cir. 2014); *Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 573–74 (8th Cir. 2015); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031–32 (9th Cir. 2010); *James v. Wadas*, 724 F.3d 1312, 1316 (10th Cir. 2013); *Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013) (citing *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1517 (9th Cir.1994)) ("[S]eeking a writ of garnishment when the debtor was not behind in making payments can violate §1692f."); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013) (holding that filing a time-barred lawsuit violates the FDCPA); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc); *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015) (holding that pleadings are subject to the FDCPA except as provided in §§1692e(11) and 1692g); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) (debt collector violated FDCPA by requesting attorney's fees in its state court collection complaint without an agreement or statute authorizing it to do so); *Foster v. DBS Collection Agency*, 463 F.Supp.2d 783, 802 (S.D.Ohio 2006) (complaint requested attorney's fees not permitted by law); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007) (rejecting argument that "any statements made during the course of judicial proceedings" were exempt from FDCPA

45

liability); *Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432 (6th Cir. 2006) (same).

The District Court's conclusion that state procedure provides sufficient protection is also contrary to the Congressional determination that "Existing laws and procedures for redressing these injuries [against which the FDCPA is intended to protect] are inadequate to protect consumers" (15 U.S.C. §1692(b)). This determination is implemented by 15 U.S.C. §1692n, "Relation to State laws," which provides that the FDCPA provides a minimum set of protections that states can increase but not diminish. Specifically, §1692n provides that the FDCPA "does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter."

With specific reference to litigation conduct, H.R. Rep. 99-405, 1986 U.S.C.C.A.N. 1752, 1757, explaining the 1986 removal of the attorney exemption, stated, "One of the basis for the attorney exemption was a belief that bar

46

associations would adequately police attorney violations. That has proven not to be the case."

Furthermore, several FDCPA provisions specifically regulate litigation abuses (15 U.S.C. §§1692e(15), 1692i).  Section 1692e(15) prohibits communications suggesting "that documents are not legal process forms or do not require action by the consumer."  Since any such communications would necessarily take place after the filing of suit, a nonstatutory exemption for post-suit communications would make §1692e(15) applicable to nothing.  That is not an appropriate  "construction" of any statute,  *Connecticut ex rel. Blumenthal v. U.S. Dept. of Interior*, 228 F.3d 82, 88 (2d Cir. 2000), much less "a remedial strict liability statute which was intended to be applied in a liberal manner" to protect consumers,  *Sonmore v. CheckRite Recovery Services, Inc.*, 187 F.Supp.2d 1128, 1132 (D.Minn. 2001).  Section 1692e(15)'s inclusion in the list of examples of conduct covered by §1692e necessarily means that representations concerning "legal process forms" are made "in connection with the collection of any debt."

Section 1692i dictates the venue in which a lawsuit by a debt collector may be brought.  Since the provision only regulates debt collectors and therefore debt collection, the inclusion of a provision directly addressing the filing of a lawsuit indicates that such lawsuits are considered debt collection under the FDCPA.

47

The District Court did not seem to appreciate that more than 95% of New York collection defendants either fail to appear or are unrepresented, *Debt Weight: The Consumer Credit Crisis in New York City and Its Impact on the Working Poor*, pp. 16-17 (The Urban Justice Center, October 2007).[1]  An unrepresented consumer, or one who does not appear at all, is not able to invoke state court procedures. Application of the FDCPA after a lawsuit is filed curbs practices that take advantage of such persons.

For this reason, the District Court's reliance on  *Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2d Cir. 2010), was inapt.  *Simmons* involved an FDCPA claim based on a false proof of claim filed in a bankruptcy proceeding initiated by the consumer, through counsel.  It was substantially limited by *Garfield v. Ocwen Loan Servicing*, *LLC*, 811 F.3d 86, 91 (2d Cir. 2016), to cases where the bankruptcy case is actually pending. The *Garfield* court reasoned that "At that point the former debtor no longer has the 'protection of the bankruptcy court,' *Simmons*, 622 F.3d at 96, which we deemed decisive on the preclusion issue prior to discharge."  Specifically, when the bankruptcy case is pending, there is a trustee tasked with evaluating and objecting to improper claims.  That is what protects the debtor and other creditors against bogus claims.  State courts hearing

---

[1] https://cdp.urbanjustice.org/sites/default/files/CDP.WEB.doc_Report_Debt%20Weight_200710.pdf

48

collection and foreclosure cases do not provide a public official to independently

examine the validity of the plaintiff's claims.

It is true that several district court cases, starting with the same *Derisme* case

discussed above, and often involving *pro se* plaintiffs, have stated that the FDCPA

does not apply "when a debtor is instead protected by the court system and its

officers." *Cocco v. Bank of America Home Loans*, 1:12cv1576, 2012 WL 6021326

(N.D.N.Y. Dec. 3, 2012); *Carubia v. Cohen & Slamowitz,* 1:14cv501, 2015 WL

348205 (N.D.N.Y., Jan. 23, 2015); *Calvert v. Alessi & Koenig,* 2:11cv00333,

2013 WL 592906 (D.Nev. Feb. 12, 2013); *Walsh v. Law Offices of Howard Lee

Schiff, P.C.,* 3:11cv1111, 2012 WL 4372251 (D.Conn. Sept. 24, 2012).  Such

statements evidence a lack of familiarity with practices in high-volume collection

courts, see *Repairing a Broken System, Protecting Consumers in Debt Collection

Litigation and Arbitration,* Federal Trade Commission, July 2010, p. i ("Based on

its extensive analysis, the Federal Trade Commission . . . concludes that neither

litigation nor arbitration currently provides adequate protection for consumers. The

system for resolving disputes about consumer debts is broken."), and are expressly

contrary to the stated intent of Congress in removing the attorney exemption from

the FDCPA.  *Heintz v. Jenkins, supra*, 514 U.S. 291  (1995).

## VI.    CONCLUSION

For the reasons stated above, the Court should reverse the judgment below

and hold that plaintiff's complaint stated a claim.


Respectfully submitted,


/s/Tiffany N. Hardy
Tiffany N. Hardy

Daniel A. Edelman
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## CERTIFICATE OF COMPLIANCE WITH
## TYPE-VOLUME LIMITATION, TYPEFACE
## REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.      This brief complies with the type-volume limitation of

Fed.R.App.P.32(a)(7)(B) because:   According to the word count feature of the

program by which it was prepared, this brief contains 11,595 words, excluding the

parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed.R.App.P.

32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because:  This

brief was prepared in proportionally spaced typeface using Word Perfect X6, in

Times New Roman, font size 14.

Dated: May 25, 2017

Respectfully submitted,


s/Tiffany N. Hardy
Tiffany N. Hardy


Daniel A. Edelman
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## CERTIFICATE OF SERVICE

I, Tiffany N. Hardy, hereby certify that on May 25, 20017, a copy of the

foregoing document was filed electronically using the Court's CM/ECF system.

I further certify that six copies of the foregoing were sent to the Clerk of the

Second Circuit Court of Appeals pursuant to Local Rule 31.1 and one copy was

sent to the following via U.S. Mail:

Adam P. Hartley
Ballard Spahr LLP
919 3rd Ave., 37th Floor
New York, New York 10022
hartleya@ballardspahr.com

Alexander P Kommatas
Ballard Spahr
919 Third Ave., 37 Floor
New York, NY 10022
kommatasa@ballardspahr.com

Andrew C. Morganstern
Rosicki Rosicki & Associates, P.C.
51 E. Bethpage Road
Plainview, NY 11803
amorganstern@rosicki.com

Carol A. Lastorino
Rivkin Radler, LLP
926 EAB Plaza
Uniondale, NY 11556
carol.lastorino@rivkin.com

Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
315 W Ponce de Leon Ave., Suite 250
Decatur, GA 30030
shimshonwexler@yahoo.com

Gus Michael Farinella
Law Offices of Gus Michael Farinella P.C.
110 Jericho Turnpike, Suite 100
Floral Park, NY 11001
gmf@lawgmf.com

Ryan L Gentile
Law Offices of Gus Michael Farinella
110 Jericho Turnpike, Suite 100
Floral Park, NY 11001
rlg@lawgmf.com

Respectfully submitted,

s/Tiffany N. Hardy
Tiffany N. Hardy

Daniel A. Edelman
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com