# 17-950-cv

IN THE

# UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————————

**AARON COHEN,**
on behalf of himself and all others similarly situated,

Plaintiff-Appellant,

**-v.-**

**DITECH FINANCIAL LLC and
ROSICKI, ROSICKI & ASSOCIATES, PC,**

Defendants-Appellees.

————————————

On Appeal from the United States District Court for the
Eastern District of New York, No. 15-cv-6828
(Hon. Leonard D. Wexler, U.S.D.J.)

————————————

**PLAINTIFF-APPELLANT AARON COHEN'S
REPLY BRIEF**

————————————

Daniel A. Edelman
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Shimshon Wexler
THE LAW OFFICE OF SHIMSHON
WEXLER, PC
315 W Ponce de Leon Ave, Suite 250
Decatur, Georgia 30030
(212) 760-2400
(917) 512-6132 (FAX)

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ................................................................... ii

TABLE OF AUTHORITIES ............................................................ iv

SUMMARY OF ARGUMENT .........................................................1

ARGUMENT ..................................................................................1

I.      **Defendants do not refute Cohen's arguments with respect to grounds relied upon by District Court** .....................................................1

II.      **The Court should not reach Defendants' alternative grounds for affirmance because they are not questions of law and Cohen would be deprived of his right to amend and the Court will benefit from the analysis in the first instance by the court below** ........................................4

III.      **The FDCPA expressly requires disclosure of the beneficial owner of a debt** ...............................................................................................5

IV.      **Failure to identify the name of the current creditor is a material violation** .......................................................................................8

        a.      Specific disclosures required by Congress are "material" ...................8

        b.      Identification of the current creditor is necessary to prevent fraud ....10

        c.      Disclosure of the owner of a mortgage is critical because the consumer's modification and loss mitigation rights are based on the identity of the owner ...........................................................12

V.      **Cohen sufficiently alleged agency** ...............................................13

VI.      **There was an "initial communication"** ......................................15

VII.      **Cohen states a justiciable FDCPA claim because he suffered a concrete, particularized informational harm** ...........................................18

        a.      The FDCPA and its enforcement mechanisms ...................................19

        b.      Defendants' conduct caused Cohen a concrete, particularized

informational injury......................................................................20

    c.    Cohen's informational injury was material.......................................27

CONCLUSION..........................................................................................29

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS ..........30

CERTIFICATE OF SERVICE ..............................................................................31

# TABLE OF AUTHORITIES

## Cases

*Adams v. David B. Schumacher, PC*,
   13cv2301, 2014 WL 6977695 (D. Or. Dec. 9, 2014) ................................... 16, 17

*AEP Energy Servs. Gas Holding Co. v. Bank of America*,
   626 F.3d 699 (2d Cir. 2010).....................................................................5

*Balke v. All. One Receivables Mgmt., Inc.*,
   16cv 5624, 2017 WL 2634653 (E.D.N.Y. June 19, 2017) ..................................28

*Bautz v. ARS Nat'l Services, Inc.*,
   226 F. Supp. 3d 131 (E.D.N.Y. 2016) ......................................................... 23, 28

*Blaha v. First Nat'l Collection Bureau, Inc.*,
   No. 16-cv-2791 (WHW)(CLW), 2016 U.S. Dist. LEXIS 157575 (D.N.J. Nov.
   10, 2016) ...............................................................................................27

*Bourff v. Rubin Lublin, LLC*,
   674 F. 3d 1238 (11th Cir. 2012) .............................................................. 7, 8, 28

*Caprio v. Healthcare Revenue Recovery Grp., LLC*,
   709 F.3d 142 (3d Cir. 2013).....................................................................18

*Carlson v. United States*,
   837 F.3d 753 (7th Cir. 2016)....................................................................26

*Chase Bank USA, N.A. v. Cardello*,
   27 Misc. 3d 791, 896 N.Y.S.2d 856 (Richmond Co. Civ. Ct. 2010)...................12

*Church v. Accretive Health, Inc.*,
   654 Fed. Appx. 990 (11th Cir. 2016)...........................................................26

*Clomon v. Jackson*,
   988 F.3d 1314 (2d Cir. 1993)..................................................................... 20, 28

*Elisa Dreier Reporting Corp. v. Global Naps Networks, Inc.*,
   84 A.D.3d 122, 921 N.Y.S.2d 329 (2d Dept. 2011) .......................................13

-iv-

*Ellis v. Solomon and Solomon, P.C.*,
   591 F.3d 130 (2d Cir. 2010)...............................................................17

*Federal Election Commission v. Akins*,
   524 U.S. 11 (1998).............................................................................22

*Feldheim v. Fin. Recovery Servs., Inc.*,
   16cv-3873 (KMK), 2017 WL 2821550 (S.D.N.Y. June 29, 2017) ....................28

*First Interstate Bank of Fort Collins v. Soucie*,
   924 P.2d 1200 (Colo. Ct. App. 1996) ................................................13

*Fox v. Citicorp Credit Services, Inc.*,
   15 F.3d 1507 (9th Cir.1994)........................................................ 13, 15

*FTC and State of Illinois v. K.I.P., LLC, et al.*,
   15 cv 02985 (N.D. Ill.) ........................................................................11

*FTC v. American Credit Crunchers, LLC, et al.*,
   12cv1028 (N.D. Ill.) ............................................................................11

*FTC v. Broadway Global Master Inc., et al.*,
   2:12cv00855-JAM-GGH (E.D. Cal.)...................................................11

*FTC v. Check Investors, Inc.*,
   502 F.3d 159 (3d Cir. 2007)................................................................20

*FTC v. Pinnacle Payment Services, LLC, et al.*,
   1:13cv3455 (N.D. Ga.).........................................................................11

*FTC v. Williams, Scott & Associates, LLC, et al.*,
   1:14cv1599 (N.D. Ga.).........................................................................11

*Goldman v. Cohen*,
   445 F.3d 152 (2d Cir. 2006).................................................................17

*Guerrero v. GC Services, LP*,
   15cv7449, 2017 WL 1133358 (E.D.N.Y., March 23, 2017) ...............27

*Hallstrom v. Tillamook County*,
   844 F.2d 598 (9th Cir. 1987)..................................................................9

*Hauk v. LVNV Funding, LLC*,
    749 F.Supp.2d 358 (D. Md. 2010) ......................................................16

*Havens Realty Corp. v. Coleman*,
    455 U.S. 363 (1982) ............................................................... 22, 24

*Heintz v. Jenkins*,
    514 U.S. 291 (1995) ..........................................................................17

*Heyer v. Pierce & Associates, P.C.*,
    14cv854, 2017 WL 75739 (N.D.Ill. Jan. 9, 2017) ..............................16

*In re Adderall XR Antitrust Litigation*,
    754 F.3d 128 (2d Cir. 2014) ...............................................................4

*In re May*,
    27 N.Y.2d 529, 261 N.E.2d 109, 312 N.Y.S.2d 999 (1970) ...............14

*Janetos v. Fulton Friedman & Gullace, LLP*,
    825 F.3d 317 (7th Cir. 2016) ..................................................... 9, 10, 13

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*,
    559 U.S. 573 (2010) ..........................................................................19

*Kariotis v. Navistar Int'l Transp. Corp.*,
    131 F.3d 672 (7th Cir. 1997) ...............................................................8

*Kimber v. Federal Financial Corp.*,
    668 F. Supp. 1480 (M.D. Ala. 1987) ..................................................14

*Lee v. Forster & Garbus LLP*,
    12cv420, 2013 WL 776740 (E.D.N.Y. 2013) ......................................10

*Lesher v. Law Offices of Mitchell N. Kay, P.C.*,
    650 F.3d 993 (3d Cir. 2011) ...............................................................19

*Mark v. J. C. Christensen & Assoc., Inc.*,
    09cv100, 2009 WL 2407700 (D. Minn. Aug. 4, 2009) ..........................9

*Marquez v. Weinstein, Pinson & Riley, P.S.*,
    836 F.3d 808 (7th Cir. 2016) ..............................................................17

*Martsolf v. JBC Legal Grp., P.C.*,
 2008 WL 275719 (M.D. Pa. Jan. 30, 2008) ........................................................14

*Massey v. On-Site Manager, Inc.*,
 285 F.R.D. 239 (E.D.N.Y. 2012) ..........................................................................9

*Mbody Minimally Invasive Surgery, P.C. v. United Healthcare Insurance Co.*,
 14cv2495, 2016 WL 4382709 (S.D.N.Y., Aug. 16, 2016) ...................................4

*Nerney v. Valente & Sons Repair Shop*,
 66 F.3d 25 (2d Cir. 1995).......................................................................................5

*Oei v. N. Star Capital Acquisitions, LLC*,
 486 F. Supp. 2d 1089 (C.D. Cal. 2006) ...............................................................14

*Okyere v. Palisades Collection, LLC*,
 961 F. Supp. 2d 508 (S.D.N.Y. 2013)...................................................................15

*Oliver Sch., Inc. v. Foley*,
 930 F.2d 248 (2d Cir. 1991) ..................................................................................4

*Pollice v. National Tax Funding, L.P.*,
 225 F.3d 379 (3d Cir. 2000)................................................................................13

*Public Citizen v. U.S. Department of Justice*,
 491 U.S. 440 (1989)..............................................................................................22

*Redfield v. Continental Cas. Corp.*,
 818 F.2d 596 (7th Cir. 1987)..................................................................................4

*Ronzani v. Sanofi S.A.*,
 899 F.2d 195 (2d Cir. 1990)...................................................................................5

*Sheriff v. Gillie*,
 136 S. Ct. 1594 (2016) .........................................................................................24

*Spokeo, Inc. v. Robins*,
 136 S. Ct. 1540 (2016) ................................................................................ passim

*Sprint Communications Co. v. APCC Services, Inc.*,
 554 U.S. 269 (2008)................................................................................................5

*Strubel v. Comenity Bank*,
    842 F.3d 181 (2d Cir. 2016)......................................................... 23, 25

*Suquilanda v. Cohen & Slamowitz, LLP*,
    10cv5868, 2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011)....................................13

*Taylor v. Fin. Recovery Servs., Inc.*,
    16cv4685, 2017 WL 2198980 (S.D.N.Y. May 18, 2017) ................................28

*Thomas v. Simpson & Cybak*,
    392 F.3d 914 (7th Cir. 2004)..........................................................17

*Wallace v. Wash. Mut. Bank, F.A.*,
    683 F.3d 323 (6th Cir. 2012).......................................................9, 28

*Walls v. United Collection Bureau, Inc.*,
    11cv6026, 2012 WL 1755751 (N.D. Ill. May 16, 2012) .....................................9

*Warren v. Sessoms & Rogers, P.A.*,
    676 F.3d 365 (4th Cir. 2012).........................................................9

*Weiss v. Regal Collections*,
    385 F.3d 337 (3d Cir. 2004).........................................................20

*Wheeler v. Codilis & Associates, P.C.*,
    13-CV-3093, 2013 WL 6632125 (N.D. Ill. Dec. 16, 2013) ................................8

## **Statutes**

15 U.S.C. § 1641(f)(2) ...............................................................6

15 U.S.C. § 1692(a) .................................................................19

15 U.S.C. § 1692(b) .................................................................19

15 U.S.C. § 1692(e) ............................................................ 7, 19, 23

15 U.S.C. § 1692a(4) ................................................................6

15 U.S.C. § 1692e ............................................................... 7, 9, 24

15 U.S.C. § 1692e(11) ...............................................................9

15 U.S.C. § 1692g .................................................................................... passim

15 U.S.C. § 1692g(a) ....................................................................................17

15 U.S.C. § 1692g(a)(2) ......................................................................... 7, 8, 13

15 U.S.C. § 1692g(b) ....................................................................................17

15 U.S.C. § 1692g(d) ....................................................................................17

15 U.S.C. § 1692k(a) ....................................................................................20

15 U.S.C. § 1692k(a)(2)(B) ...........................................................................20

Illinois Collection Agency Act, 225 ILCS 425/8b ........................................5

N.Y. Judiciary Law § 475 ..............................................................................7

## **Other Authorities**

5 Wright & Miller, Federal Practice & Procedure § 1357 ...........................4

Black's Law Dictionary (10th ed. 2014) ........................................... 15, 16

## **Rules**

Fed. R. Civ. P. 7 ...................................................................... 15, 16, 17

## <u>SUMMARY OF ARGUMENT</u>

The District Court erroneously concluded that New York judicial foreclosure proceedings did not involve debt collection under the Fair Debt Collection Practices Act ("FDCPA"). The District Court's decision is wrong and this Court should reverse it. Defendants were acting as debt collectors in the underlying mortgage foreclosure action and are thus subject to the FDCPA.

The District Court did not address the numerous alternative grounds for affirmance offered by defendants. This Court should not rule on those issues because (1) they raise issues of fact, (2) most of the issues raised could be obviated by amendment, and considering them would deprive plaintiff of his right to amend, (3) this Court would benefit by having the district court address the issues in the first instance, and (4) defendants' alternative grounds for affirmance lack merit.

## <u>ARGUMENT</u>

### I.     Defendants do not refute Cohen's arguments with respect to grounds relied upon by District Court

Cohen and the CFPB demonstrated that there is no basis in the text of the FDCPA for exempting legal proceedings seeking to enforce request for money on account of consensual consumer transactions, either generally or because they fell on the "equity" side rather than the "law" side prior to 1938. Instead, defendants simply ignore the vast weight of authority cited in Cohen's opening brief and the CFPB amicus brief.

1

Cohen's opening brief and the CFPB amicus brief also demonstrated that there is no basis for defendants' argument that the FDCPA only applies to the last step in legal proceedings which may result in the recovery of money, namely the filing of a motion for a deficiency judgment. All collection lawsuits involve multiple steps from filing to the entry of judgment. Defendants effectively argue that the filing of a collection lawsuit and all intermediate proceedings are exempt, until a request or motion is made for the entry of judgment.

Defendants *did* seek a deficiency judgment against Cohen. App. A-38 ("WHEREFORE . . . the defendants [sic] AARON COHEN be adjudged to pay any deficiency which may remain."). Both defendants concede that there was a possibility that a deficiency judgment could be entered against Cohen based on the complaint. (Ditech Br., p. 19; Rosicki Br., p. 25). The fact that a deficiency judgment could be entered means that, regardless of whether the foreclosure action is characterized as equitable, Cohen was potentially on the hook for a deficiency. And, if there's a possibility of a deficiency judgment, that means defendants were seeking the collection of money, which in turn is "debt collection."

Defendants also sought the collection of attorney's fees and court costs. App. A-38 ("WHEREFORE, plaintiff demands judgment that . . . plaintiff be paid [principal and interest on mortgage] plus the expenses of sale and the costs and expenses of this action . . . together with attorney's fees, costs and disbursements of

this action.").

There are only two matters raised by defendants not already addressed:

1.     Defendants state that the Ninth Circuit holds that all non-judicial, as opposed to judicial, foreclosures are covered by the FDCPA. (Ditech Br., p. 22). The Ninth Circuit actually holds that because California and other Western states forbid deficiencies with respect to many residential mortgage loans, the foreclosure of such loans is not "debt collection" unless a request is made for money, for example to avoid foreclosure.

2.     Defendants claim that the only document identifying Ditech, as opposed to Fannie Mae, as the creditor is the Certificate of Merit. This is a red herring because 15 U.S.C. § 1692g requires a compliant notice of debt, correctly identifying the current creditor, before or within 5 days after any communication with the consumer, other than a formal pleading. Defendants do not claim Rosicki ever sent any notice of debt other than the one complained of. The subsequent Request for Judicial Intervention ("RJI") specifically requested a settlement conference (App. A-100). It was supposed to and did trigger an extensive series of conferences and communications (State Court Dkt.,[1] Documents 9, 27). If a compliant notice of debt was required, and the only one furnished was noncompliant,

---

[1] Available at: https://iapps.courts.state.ny.us/webcivil/FCASSearch?param=I, using index number: 031030/2015.

§ 1692g is violated.

## II. The Court should not reach Defendants' alternative grounds for affirmance because they are not questions of law and Cohen would be deprived of his right to amend and the Court will benefit from the analysis in the first instance by the court below

Defendants request affirmance on many grounds other than those addressed in the District Court's opinion. The Court should reject the invitation. Some grounds are just wrong. Others raise issues of fact.

In other cases, defendants assert pleading deficiencies that could readily be cured. A request for affirmance on alternate grounds should be rejected where allowing it would circumvent a plaintiff's right to replead. *In re Adderall XR Antitrust Litigation*, 754 F.3d 128, 134 (2d Cir. 2014).

The granting of a Rule 12(b)(6) motion should normally result in dismissal of the complaint, not the action, where the dismissal is based on what has been pleaded and it is not clear that the problem is incurable. If the lower court perceived that the complaint failed to state a FDCPA claim, that is precisely the sort of circumstance that should result in leave to amend, even without a request. *Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 609-10 (7th Cir. 1987) (citing 5 Wright & Miller, Federal Practice & Procedure § 1357, pp. 611-13); *Oliver Sch., Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991); *Mbody Minimally Invasive Surgery, P.C. v. United Healthcare Insurance Co.*, 14cv2495, 2016 WL 4382709, *14-15 (S.D.N.Y., Aug. 16, 2016) ("upon granting a motion to dismiss, the 'usual practice' in this Circuit is to permit

4

amendment of the complaint") (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)).

The rule in this Circuit is to grant leave to amend absent a showing by the nonmovant of prejudice or bad faith. *AEP Energy Servs. Gas Holding Co. v. Bank of America*, 626 F.3d 699, 725-27 (2d Cir. 2010). There is a presumption in favor of permitting amendment. *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28-29 (2d Cir. 1995).

In this case, the District Court did not rule on the grounds offered by defendants. While Cohen believes that his pleadings are adequate, all of the grounds relied upon by defendants other than those relied upon by the District Court could be met via repleading, and he requests leave to do so.

## III. The FDCPA expressly requires disclosure of the beneficial owner of a debt

Assignments for collection, under which the assignee receives legal title to a debt for the purpose of bringing suit or enforcing payment, but someone else retains beneficial ownership, were recognized in many states long prior to the 1977 enactment of the FDCPA. *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008) (discussing history and citing cases allowing practice going back to 19th Century); Illinois Collection Agency Act, 225 ILCS 425/8b ("An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the

5

creditor provided . . . ."). The Truth in Lending Act recognizes that servicers may obtain such assignments for "administrative convenience" in servicing mortgages. 15 U.S.C. § 1641(f)(2) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. . . . .").

The FDCPA also expressly contemplated the practice, as "creditor" is defined in 15 U.S.C. § 1692a(4) as "any person who offers or extends credit creating a debt or to whom a debt is owed, *but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another*." (emphasis added).

Since the FDCPA excludes an assignee for collection from the definition of "creditor," it necessarily follows that such an assignee is *not* the current "creditor" that must be disclosed under 15 U.S.C. § 1692g even if it has legal title to the debt and the right to sue on it under state law. Rather, what is required is disclosure of the beneficial owner. The fact that applicable state law allows assignments for collection, as defendants argue New York does, does not eliminate but underscores the need to disclose the beneficial owner.

Defendants suggest that because an assignee for collection or servicing agent

6

has the right to demand that payment be sent to it, that it can therefore refer to itself as a "creditor." This proves too much. Collection attorneys and agencies often demand that payment be made to them rather than their clients, and have that right, *see* N.Y. Judiciary Law § 475. That does not mean that every debt collector can disclose that it is the "creditor."

In *Bourff v. Rubin Lublin, LLC*, 674 F. 3d 1238 (11th Cir. 2012), the court held that a notice which names a servicer as the creditor violates § 1692(e). *Bourff* is identical to this case. In *Bourff*, a creditor who owned a mortgage and note hired BAC Home Loan Servicing, LP ("BAC") to service the loan. BAC retained the defendant law firm, Rubin Lublin, to collect the loan after the borrower fell behind. Rubin Lublin sent a notice to Bourff that identified BAC, as "the creditor on the above-referenced loan." Plaintiff claimed that the violated the FDCPA by falsely representing that BAC was the "creditor" on the loan. In holding that the letter identifying BAC as the "creditor" violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692g(a)(2) of the FDCPA the Court of Appeals stated:

> The FDCPA, among other things, mandates that, as part of noticing a debt, a "debt collector" must "send the consumer a written notice containing"— along with other information—"the name of the creditor to whom the debt is owed[.]" 15 U.S.C. § 1692g(a)(2). In addition, the Act prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The use of "or" in § 1692e means that, to violate the FDCPA, a representation by a "debt collector" must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the

7

FDCPA facially, even where no misleading or deception is claimed. Plaintiff claims that Rubin Lublin violated the prohibition on "false, deceptive, or misleading representation[s]" by falsely stating in its collection notice that BAC was the "creditor" on Bourff's loan. The identity of the "creditor" in these notices is a serious matter.

Other courts have dealt with the same issues, holding "[t]he text of § 1692g(a)(2) plainly requires identification of 'the creditor to whom the debt is owed,' regardless of whether that particular information might in some instances be less useful to a debtor than identification of the loan servicer or other entity." *Wheeler v. Codilis & Associates, P.C.*, 13cv3093, 2013 WL 6632125, at *3 (N.D. Ill. Dec. 16, 2013) (citing *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 680 (7th Cir. 1997) ("Where the statute's language is plain, the court's function is to enforce it according to its terms.")).

Should the Court disagree that disclosure of the beneficial owner is required by the FDCPA, this "alternative ground" presents factual questions regarding exactly what the role of Ditech and Fannie Mae was with respect to the loan. Answering those questions requires discovery, and amendment of pleadings may also be appropriate.

## IV. Failure to identify the name of the current creditor is a material violation

### a. Specific disclosures required by Congress are "material"

Compliance with the § 1692g disclosure requirements is material as a matter of law. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir.

8

2016). Congress has deemed it material that debt collectors state, in initial collection letters, who owns the debt. All conduct specifically prohibited or any disclosure specifically required by the FDCPA is "material." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 328 (6th Cir. 2012) (failure to disclose current creditor a material violation of the FDCPA); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) (violation of § 1692e(11) is always "material"); *Mark v. J. C. Christensen & Assoc., Inc.*, 09cv100, 2009 WL 2407700, *4 (D. Minn. Aug. 4, 2009) (failure to comply with an express requirement of the FDCPA is a material violation).

When Congress has mandated a specific act or disclosure, for a court to depart from that mandate would constitute an impermissible "judicial amendment in abrogation of explicit, unconditional statutory language." *Hallstrom v. Tillamook County*, 844 F.2d 598, 600-01 (9th Cir. 1987).

Courts have recognized that the Congressional requirement must be enforced as written. In *Walls v. United Collection Bureau, Inc.*, 11cv6026, 2012 WL 1755751 (N.D. Ill. May 16, 2012), the court held –

> We reject defendants' contention in their reply brief that what plaintiff is complaining of is "immaterial" information. The statute expressly requires identification of the creditor to whom the debt is owed; when that information is presented in an arguably confusing manner, it could influence the consumer's decision. For example, it could cause an unsophisticated consumer to be concerned about the possibility of being defrauded or about paying the incorrect creditor and continuing to have outstanding debt. (*Walls*, 2012 WL 1755751 at *2.)

*Accord Massey v. On-Site Manager, Inc.*, 285 F.R.D. 239, 248 (E.D.N.Y. 2012); *Lee*

9

*v. Forster & Garbus LLP*, 12cv420, 2013 WL 776740, *3 (E.D.N.Y. 2013).

### b.  Identification of the current creditor is necessary to prevent fraud

The required disclosure is also material because it enables the consumer to investigate and ascertain that the party trying to collect a debt has in fact been authorized to do so by the beneficial owner and is not a fraudster who has managed to obtain information about a debt. *Janetos*, 825 F.3d at 324 (7th Cir. 2016).

Defendants ignore what Congress was attempting to accomplish by compelling every debt collector to state in writing who owns the debt. There are formal, evidentiary, and enforcement reasons for this. One reason is to enable consumers (or their attorneys) to readily investigate and confirm that the person seeking to collect money is in fact authorized to do so. The FTC has published a warning to consumers to "be on the alert for scam artists posing as debt collectors. It may be hard to tell the difference between a legitimate debt collector and a fake one. Sometimes a fake collector may even have some of your personal information, like a bank account number." The warning advises consumers to insist on receiving a validation notice which "must include . . . the name of the creditor you owe," and that consumers should not pay a collector who "refuses to give you all of this information." If there is any question, the consumer is instructed to contact the creditor and "find out who, if anyone, the creditor has authorized to collect the

debt."[2] The CFPB, which now has rulemaking authority with respect to the FDCPA and shares enforcement authority, has published a similar warning.[3]

Thus, not only has Congress deemed the information at issue in this case to be material, but the agencies charged with enforcing the FDCPA specifically tell consumers to act on the basis of the disclosure – to contact the person identified as the owner of the debt in the initial collection letter and to refrain from paying collectors who fail to provide the required information. An unambiguous written identification of the owner of the debt is necessary in order to do this.

The extent of the problem is illustrated by the fact that in recent years, the Federal Trade Commission has brought multiple proceedings against "fake debt collectors", including *FTC and State of Illinois v. K.I.P., LLC*, 15 cv 02985 (N.D. Ill.); naming dozens of defendants.[4] *See also FTC v. American Credit Crunchers, LLC*, 12cv1028 (N.D. Ill.); *FTC v. Broadway Global Master Inc.*, 2:12cv00855-JAM-GGH (E.D. Cal.); *FTC v. Williams, Scott & Associates, LLC*, 1:14cv1599 (N.D. Ga.); *FTC v. Pinnacle Payment Services, LLC*, 1:13cv3455 (N.D. Ga.).

The problem is particularly acute with respect to debts that can be identified

---

[2] http://www.consumer.ftc.gov/articles/0258-fake-debt-collectors

[3] http://www.consumerfinance.gov/askcfpb/1699/how-can-i-verify-whether-or-not-debt-collector-legitimate.html

[4] www.ftc.gov/news-events/press-releases/2015/04/ftc-illinois-attorney-general-halt-chicago-area-operation-charged

from the public record, such as mortgages. A New York state collection court judge expressed concern that "dishonest debt collectors" could "search the court records, obtain the names of judgment debtors and send debtors a letter stating they have purchased the debt . . . and should make all payments to the third party." *Chase Bank USA, N.A. v. Cardello*, 27 Misc. 3d 791, 896 N.Y.S.2d 856, 857-58 (Richmond Co. Civ. Ct. 2010).

### c. Disclosure of the owner of a mortgage is critical because the consumer's modification and loss mitigation rights are based on the identity of the owner

In addition, disclosure of the current creditor is important because the consumer's substantive rights with respect to the debt, such as loan modification and loss mitigation rights in the case of a mortgage loan, depend on who the beneficial owner is. For example, Fannie Mae has a loan modification program.[5] Freddie Mac has its own program.[6] Other institutions have their own programs.[7] In some cases, they are required by consent decrees with state and federal government agencies.[8]

Clearly, it is important for a mortgage loan borrower in financial distress to

---

[5] https://www.fanniemae.com/content/guide/servicing/d2/3.2/05.html

[6] http://www.freddiemac.com/singlefamily/service/standard_modification.html

[7] *E.g.*, https://www.pennymacusa.com/relief-and-assistance/options-to-stay-in-your-home/loan-modification

[8] http://www.dbo.ca.gov/Press/press_releases/2017/Ocwen%20Consent%20Order%20Final%2002-17-17.pdf

know whether he needs to meet the requirements of Fannie Mae, Freddie Mac, or someone else.

This Court should hold that it is a material violation of § 1692g(a)(2) not to comply with it.

If this Court requires factual allegations as to why the disclosure is material in the context of the particular type of transaction, Cohen requests leave to amend to set forth the foregoing matters.

## V. Cohen sufficiently alleged agency

Debt collectors are liable for violations of the FDCPA committed by others acting on their behalf. *E.g.*, *Janetos*, *supra*; *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 404–06 (3d Cir. 2000) (quoting *First Interstate Bank of Fort Collins v. Soucie*, 924 P.2d 1200, 1202 (Colo. Ct. App. 1996)); *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516 (9th Cir.1994); *Suquilanda v. Cohen & Slamowitz, LLP*, 10cv5868, 2011 WL 4344044, at *4 (S.D.N.Y. Sept. 8, 2011).

While defendants challenge Cohen's allegations of agency, they ignore the well-established principle that an attorney is the agent of the client with authority to bind the client in connection with the matters in which the attorney is retained. *Elisa Dreier Reporting Corp. v. Global Naps Networks, Inc.*, 84 A.D.3d 122, 921 N.Y.S.2d 329 (2d Dept. 2011). The nature of an attorney-client relationship itself shows that the client has the right to "control" its agent in material respects. *Martsolf*

*v. JBC Legal Grp., P.C.*, 2008 WL 275719, at *11 (M.D. Pa. Jan. 30, 2008) (existence of attorney-client relationship, in which debt collection company retained law firm and transmitted information to firm for the purposes of debt collection services, showed exercise of control sufficient to hold debt collection company vicariously liable for attorney's actions); *Oei v. North Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1094-95 (C.D. Cal. 2006) (not requiring explicit showing of control over attorney's actions to find vicarious liability); *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1486 (M.D. Ala. 1987) (noting that without vicarious liability for an attorney's actions, a "debt collector could simply evade the [FDCPA] by hiring an attorney to do what it could not do itself").

Defendants also ignore the established presumption that an attorney appearing of record for a client in a legal proceeding is acting with the authority of that client. *In re May*, 27 N.Y.2d 529, 530, 261 N.E.2d 109, 312 N.Y.S.2d 999 (1970) ("the presumption of authority of an attorney appearing of record for a party").

The record shows that Rosicki appeared on behalf of Ditech in a legal proceeding. That fact shows that Ditech was the principal and Rosicki the agent with respect to matters relating to such proceeding and that Ditech had the usual authority of a client to instruct the attorney. Nothing in the record suggests that Rosicki acted outside the scope of its authority in prosecuting the underlying state court foreclosure action. Rather, Cohen has alleged that both Ditech and Rosicki meet the definition

of "debt collector" under the FDCPA, and that they maintained an attorney-client relationship.

This is sufficient. "[V]icarious liability may attach in the context of an attorney-client relationship where both the attorney and its client constitute 'debt collectors' under the FDCPA." *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 516 (S.D.N.Y. 2013); *Fox*, *supra,* 15 F.3d at 1515-16 ("In order to give reasonable effect to section 1692i, we must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken.").

Finally, if the Court believes that something more needs to be alleged, Cohen should be allowed to amend to include further details.

## VI.   There was an "initial communication"

Fed. R. Civ. P. 7 lists the following documents as "pleadings": a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and a reply to an answer. State procedure is generally similar, although in some places what federal practice calls a "complaint" is denominated a "petition" or "declaration" or "statement of claim" or "warrant of debt." Black's Law Dictionary defines "pleading" as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." (10th ed. 2014).

15

A "pleading" does not include every piece of paper filed or served in connection with a legal proceeding. Fed. R. Civ. P. 7(b) describes "Motions and Other Papers" which are not pleadings. Discovery requests, responses and related communications are not "pleadings." *Hauk v. LVNV Funding, LLC*, 749 F.Supp.2d 358 (D. Md. 2010). A "notice of sale" in a foreclosure action is not a "pleading." *Heyer v. Pierce & Associates, P.C.*, 14cv854, 2017 WL 75739 (N.D.Ill. Jan. 9, 2017) (reasoning that it is not a pleading as defined under Rule 7 or Black's Law Dictionary, and it does not perform functions similar to those documents).

Certainly, not every document filed in connection with a lawsuit should be deemed a formal pleading. *Adams v. David B. Schumacher, PC*, 13cv2301, 2014 WL 6977695, at *4 (D. Or. Dec. 9, 2014) ("[T]here is no indication in the legislative record or case law . . . suggesting the 'legal pleading' exemption is to apply generally to any court or legal document").

The common characteristics of "pleadings" is that they state a claim or defense and either require a response within a specified time to avoid default, or are that response.

The reason that § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)") was enacted in 2006 was not to exempt law suits, but to avoid consumer confusion. Prior to 2006, this and other courts held that a summons and

16

complaint were "initial communications." Providing the § 1692g notice in close proximity to a summons and complaint (or other "pleading") presents the consumer with conflicting deadlines and modes of disputing a claim and is confusing. *Thomas v. Simpson & Cybak*, 392 F.3d 914 (7th Cir. 2004); *Goldman v. Cohen*, 445 F.3d 152, 155-56 (2d Cir. 2006); *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010); *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808 (7th Cir. 2016). Section 1692g(d) thus encourages debt collectors to provide the requisite disclosures significantly before or after the summons and complaint.

Significantly, the same amendment that added § 1692g(d) also added a proviso in § 1692g(b) that "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." There is no indication that § 1692g(d) was intended to make § 1692g(a) "inapplicable to attorney debt collectors, which the court expressly declined to do in *Heintz*," *Adams*, *supra* (citing *Heintz v. Jenkins*, 514 U.S. 291 (1995)), or permit an extended series of communications between a debt collector and a consumer without providing § 1692g(a) disclosures.

The Certificate of Merit and RJI are not one of the "pleadings" listed in Fed. R. Civ. P. 7(a) and are not equivalent state documents. Given the FDCPA's broad remedial purpose, they do not qualify as a "formal pleading." *See Caprio v.*

17

*Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013) ("As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes.").

On the contrary, the Certificate and RJI are intended to trigger a series of informal interactions between the collector and the consumer, which is precisely when the disclosures required by § 1692g are needed. In fact, the RJI here requested a settlement conference (App. A-100) and did trigger an extensive series of conferences and communications (State Court Dkt., *supra*, Documents 9, 27).

Ditech argues that it was left with "the quintessential Hobson's choice," by following state foreclosure procedure it would violate the FDCPA (Ditech Br., p. 43). However, the two are not mutually exclusive. Ditech's argument is flawed because it poses a false choice. Ditech could have stated it was the servicer, and Fannie Mae the creditor.

Again, while Cohen believes his allegations are sufficient, he requests leave to amend if this Court disagrees.

## VII. Cohen states a justiciable FDCPA claim because he suffered a concrete, particularized informational harm

The Supreme Court, this Court, and other courts recognize that "informational injury" – the failure to provide information required to be disclosed or the provision of inaccurate information in violation of law – is sufficient for Article III standing. Cohen has alleged concrete and particularized injury in fact sufficient for Article III

18

standing to assert claims arising under the FDCPA.

Critical to an analysis of standing arising from a claim created by Congress is an understanding of the legislation. Therefore, a discussion of Article III standing must begin with the Act and the harms which Congress sought to eliminate.

### a. The FDCPA and its enforcement mechanisms

The FDCPA regulates the behavior of debt collectors attempting to collect a debt. Congress has found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and has determined that abusive debt collection practices contribute to personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a)-(b). Consequently, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure [sic] that those debt collectors who refrained from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (internal quotes omitted); *Lesher v. Law Offices of Mitchell N. Kay, P.C.*, 650 F.3d 993, 996 (3d Cir. 2011); 15 U.S.C. § 1692(e).

The FDCPA broadly prohibits unfair or unconscionable collection methods including: conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements. It also requires certain disclosures, including the 15 U.S.C. § 1692g "notice of debt."

19

The FDCPA is based on the premise "that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007) (internal citations omitted). "Congress also intended the FDCPA to be self-enforcing by private attorney generals." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

A violating debt collector is liable for "additional damages" (also called "statutory damages") of up to $1,000, and attorney's fees and costs. 15 U.S.C. § 1692k(a). Additionally, in a class action, the class members may recover "additional damages" not exceeding the lesser of $500,000 or one percent of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B).

The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," so that "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.3d 1314, 1318 (2d Cir. 1993).

### b. Defendants' conduct caused Cohen a concrete, particularized informational injury.

There is no question that Cohen's injuries here are "particularized"—that it "affect[s] [him] in a personal and individual way." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quotation marks omitted). Like the plaintiff in *Spokeo*, Cohen alleged that Defendants-Appellees' have "violated [*his*] statutory rights." *Id*.

With regard to the "concreteness" prong of a standing analysis, the Supreme Court reiterated core principles underlying the "concreteness" inquiry, which asks simply whether an injury "actually exist[s]." *Spokeo*, 136 S. Ct. at 1548. The Court explained that although tangible injuries (like physical or economic harm) are "perhaps easier to recognize" as concrete, "intangible injuries can nevertheless be concrete," as can injuries based on a "risk of harm." *Id.* at 1549–50. And "[i]n determining whether an intangible harm constitutes injury in fact," the Court continued, "both history and the judgment of Congress play important roles." *Id.* at 1549.

Thus, where the "alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," the plaintiff will have suffered a concrete injury. *Id.* But such a common law analogue is not required because Congress also has the power (and is especially "well positioned") "to identify intangible harms that meet minimum Article III requirements," even if those harms "were previously inadequate in law." *Id*. The Supreme Court held that Congress' "judgment" is both "instructive and important." *Id*.

In *Spokeo*, the Court confirmed that informational injury—being denied access to information to which an individual is entitled by law—is a concrete injury under Article III. *See* 136 S. Ct. at 1549–50. Hence, the denial of that information

on its own is sufficiently concrete; "a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* at 1549. In support of this principle, the Court reaffirmed its past decisions, citing *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989), which held that the plaintiff had standing to challenge the Justice Department's failure to provide access to information, the disclosure of which was required by the Federal Advisory Committee Act. In that case, the Court explained that the inability to obtain such information, "constitutes a sufficiently distinct injury to provide standing to sue." *Id.* at 449.

Spokeo also cited *Federal Election Commission v. Akins*, 524 U.S. 11 (1998) for a similar point, "confirming that a group of voters' 'inability to obtain information' that Congress had decided to make public is a sufficient injury in fact to satisfy Article III." *Spokeo*, 136 S. Ct. at 1549–50. *Akins*, in turn, cited *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 374 (1982) in which the Court held that a housing-discrimination "tester" had standing based on a violation of "[his] statutorily created right to truthful housing information." A "tester who has been the object of a misrepresentation made unlawful under [the statute]," the Court explained, "has suffered injury in precisely the form the statute was intended to guard against, and therefore has standing." *Havens*, 455 U.S. at 373–74. The injury was incurred even though a tester *expects* that the defendant would not provide

truthful housing information.

In the post-*Spokeo* standing landscape, this Court has adopted these same principles: "While tangible harms are most easily recognized as concrete injuries, *Spokeo* acknowledged that some intangible harms can also qualify as such. In deciding whether an intangible harm—such as the failure to receive a required disclosure—manifests concrete injury, a court is properly respectful of Congress's judgment in affording a legal remedy for the harm." *Strubel v. Comenity Bank*, 842 F.3d 181, 188 (2d Cir. 2016) (internal citations omitted); *Bautz v. ARS Nat'l Services, Inc.*, 226 F. Supp. 3d 131 (E.D.N.Y. 2016) (collecting cases). "In short, some violations of statutorily mandated procedures may entail the concrete injury necessary for standing." *Strubel* at 189.

With regard to the FDCPA, Congress "elevat[ed]" the same type of "concrete, *de facto*" informational injuries "to the status of legally cognizable injuries." *Spokeo*, at 1549. Its aim was "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

Here, Cohen has suffered such an informational injury. As a consumer, the FDCPA gave him a statutory right to truthful information identifying the "creditor to whom the debt is owed." Cohen alleges a legal right to truthful information, defendants' legal duty to provide truthful information, and defendants' *failure* to communicate truthful information. Accordingly, Cohen "suffered injury in precisely

23

the form the statute was intended to guard against, and therefore has standing." *See Havens*, 455 U.S. at 373-74.

It is important to note that injury-in-fact for Article III purposes does not require a showing of common law damages. A plaintiff need not prove a loss of money or personal injury caused by a defendant's unlawful conduct. "Many traditional remedies for private-rights causes of action—such as for trespass, infringement of intellectual property, and unjust enrichment—are not contingent on a plaintiff's allegation of damages beyond the violation of his private legal right." *Spokeo*, 136 S. Ct. at 1551 (Thomas J., concurring). That Congress added a right to recover statutory damages and attorney's fees under the FDCPA does not detract from Article III standing.

Significantly, the *very same* day the Supreme Court issued the *Spokeo* decision, it issued a decision on the FDCPA's informational requirements *without questioning standing*. *Sheriff v. Gillie*, 136 S. Ct. 1594 (2016), addressed the question of whether it was a misrepresentation, in violation of 15 U.S.C. § 1692e, for a "special counsel" appointed by the Ohio Attorney General to use the Attorney General's letterhead in collecting debts. Although subject matter jurisdiction is something a court is required to examine *sua sponte*, the *Gillie* Court did not question whether the plaintiff would suffer concrete harm from receiving a letter alleged to violate the FDCPA. *Id*.

24

Subsequently, this and other Courts of Appeals have confirmed that the failure to make substantive disclosures of a consumer's rights and obligations in a transaction satisfies Article III. For example, in *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016), this Court held that failure to disclose information relating to a consumer's rights or obligations in a credit transaction satisfied Article III:

> [W]e conclude that two of Strubel's disclosure challenges demonstrate concrete and particularized injury: those pertaining to required notice that (1) certain identified consumer rights pertain only to disputed credit card purchases not yet paid in full, and (2) a consumer dissatisfied with a credit card purchase must contact the creditor in writing or electronically.
>
> These disclosure requirements do not operate in a vacuum . . . . Rather, each serves to protect a consumer's concrete interest in "avoid[ing] the uninformed use of credit," a core object of the TILA. 15 U.S.C. § 1601(a). These procedures afford such protection by requiring a creditor to notify a consumer, at the time he opens a credit account, of how the consumer's own actions can affect his rights with respect to credit transactions. A consumer who is not given notice of his obligations is likely not to satisfy them and, thereby, unwittingly to lose the very credit rights that the law affords him. For that reason, a creditor's alleged violation of each notice requirement, by itself, gives rise to a "risk of real harm" to the consumer's concrete interest in the informed use of credit. . . . Having alleged such procedural violations, Strubel was not required to allege "any additional harm" to demonstrate the concrete injury necessary for standing. . . .

*Strubel*, 842 F.3d at 190-191.

The *Strubel* Court denied standing for two other claims: (1) a disclosure item as to how to stop automated payments that would be answered "not applicable" because defendant did not accept automated payments at the time, and (2) an alleged

25

failure to state its obligation to not merely (a) acknowledge a reported billing error within 30 days but (b) state, at the same time, if the error had already been corrected. Strubel contended that Comenity failed to provide (b). Strubel never reported a billing error, and there was no suggestion that Comenity failed to handle disputes properly and notify consumers of the outcome. The Court held that the latter was procedural and that the alleged failure posed no danger of harm.

Two other Courts of Appeal have held that deprivation of information required to be provided by law confers standing. In *Church v. Accretive Health, Inc*., 654 Fed. Appx. 990 (11th Cir. 2016), the court found standing to pursue a § 1692g claim. The Eleventh Circuit held:

> Church has sufficiently alleged that she has sustained a concrete — *i.e.,* "real" — injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement.

*Church*, 654 Fed. Appx. 990, 2016 WL 3611543, *3 (citations omitted); *accord Carlson v. United States*, 837 F.3d 753 (7th Cir. 2016) (action to obtain access to old grand jury transcript).

The requirement of notifying a consumer of who owns the claim against the

consumer is a substantive right to information. *Guerrero v. GC Services, LP*, 15cv7449, 2017 WL 1133358, *10-11 (E.D.N.Y., March 23, 2017) (Tomlinson, M.J.) ("unlike the FCRA section at issue in *Spokeo*, which contains only procedural requirements, the FDCPA creates a *substantive right*, the violation of which would itself give rise to a concrete injury" (emphasis in original)); *Blaha v. First Nat'l Collection Bureau, Inc.*, 16-cv-2791 (WHW)(CLW), 2016 U.S.Dist.LEXIS 157575, at *22-23 (D.N.J. Nov. 10, 2016) ("The stated purpose of the [FDCPA] was to eliminate abusive debt collection practices and to promote further action to protect consumers against debt collection abuses. The right Congress sought to protect in enacting this legislation was therefore not merely procedural, but substantive and of great importance.").

It is important to point out the policy implications of this Court's decision. If informational injury is not sufficient in this case, other disclosure statutes such as the Truth in Lending, the Securities Act of 1933, and others will be rendered unenforceable. In each case, the defendant could argue that there is some ultimate statutory purpose – reduction of the cost of credit, prevention of investment fraud, etc. – that the disclosure requirement is merely "procedural." That is not what the Supreme Court meant.

### c. Cohen's informational injury was material.

As discussed above, Cohen's informational injury was material.

27

Courts routinely find misleading communications as to the identity or involvement of the debt collector present a material risk of harm. *Clomon*, at 1321–22 (2d Cir. 1993) (finding that mass-produced collection letters bearing the facsimile signature and letterhead of an attorney who never actually reviewed the letters or read the consumer's files violated the FDCPA); *Bourff v. Rubin Lublin, LLC*, *supra*; *Wallace v. Washington Mutual Bank*, *supra* at 327-328; *Taylor v. Fin. Recovery Servs., Inc.*, 16cv4685, 2017 WL 2198980, *3 (S.D.N.Y. May 18, 2017) (collecting cases "reason[ing] that a materially false or misleading statement is not a 'bare procedural violation' but rather an infringement on an individual's substantive right conferred by Congress to receive truthful information in debt collection communications."); *see also Feldheim v. Fin. Recovery Servs., Inc.*, 16cv3873, 2017 WL 2821550, *6 (S.D.N.Y. June 29, 2017); *Balke v. Alliance One Receivables Mgmt., Inc.*, 16cv5624, 2017 WL 2634653, *3 (E.D.N.Y. June 19, 2017) (collecting cases); *Bautz v. ARS Nat'l Services, Inc.*, 226 F. Supp. 3d 131 (E.D.N.Y. 2016) ("[Plaintiff] has standing to pursue that claim without need to allege a 'material risk of harm' because the infringement of that right constitutes, in and of itself, a concrete injury.").

Consequently, Cohen has Article III standing to bring his FDCPA claim. Furthermore, for the same reason that Cohen should be allowed to amend regarding the issue of materiality, he should be allowed to amend on the *Spokeo* issue.

## <u>CONCLUSION</u>

For the reasons stated above, in our opening brief, and in the CFPB amicus filing, the Court should reverse the judgment appealed from and remand for further proceedings. The alternative grounds for amendment argued by defendants either lack merit or should not be addressed.

Respectfully submitted,

<u>/s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN LLC
20 S. Clark St., Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

Shimshon Wexler
THE LAW OFFICES OF SHIMSHON WEXLER, PC
315 W Ponce de Leon Ave., Suite 250
Decatur, GA 30030
(678) 699-1938
(678) 609-1482 (FAX)

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS</u>

This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7) because: According to the word count feature of the program by which it was prepared, this brief contains: 6921 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7).

This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because: This brief was prepared in proportionally spaced typeface using Microsoft Word 2016, in Times New Roman, font size 14.

/s/Daniel A. Edelman
Daniel A. Edelman

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Edelman, hereby certify that on Thursday, July 13, 2017, a copy of the foregoing document was filed electronically using the Court's CM/ECF system.

I further certify that copies of the foregoing were sent to the Clerk of the Second Circuit Court of Appeals pursuant to Local Rule 31.1 and to the following via U.S. Mail:

Adam P. Hartley
Ballard Spahr LLP
919 3rd Ave., 37th Floor
New York, New York 10022
hartleya@ballardspahr.com

Alexander P Kommatas
Ballard Spahr
919 Third Ave., 37 Floor
New York, NY 10022
kommatasa@ballardspahr.com

Andrew C. Morganstern
Rosicki Rosicki & Associates, P.C.
51 E. Bethpage Road
Plainview, NY 11803
amorganstern@rosicki.com

Carol A. Lastorino
Rivkin Radler, LLP
926 EAB Plaza
Uniondale, NY 11556
carol.lastorino@rivkin.com

Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
315 W Ponce de Leon Ave., Suite 250
Decatur, GA 30030
shimshonwexler@yahoo.com

Gus Michael Farinella
Law Offices of Gus Michael Farinella P.C.
110 Jericho Turnpike, Suite 100
Floral Park, NY 11001
gmf@lawgmf.com

Ryan L Gentile
Law Offices of Gus Michael Farinella
110 Jericho Turnpike, Suite 100
Floral Park, NY 11001
rlg@lawgmf.com

Mary McLeod
John R. Coleman
Steven Bressler
Nandan M. Joshi
Joseph Frisone
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
(202) 435-9287
Joseph.Frisone@cfpb.gov

/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN LLC
20 S. Clark St., Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)